## KEMPER COUNTY v. MARIA G. NEVILLE.

### [48 South. 727.]

APPEAL. *Dismissed. Moot question.*

> An appeal from a decree of the chancery court adjudging that
> prior proceedings by a county to establish a highway were void,
> will be dismissed where the county, after the decree and the
> appeal, began new proceedings and regularly established the
> highway; the questions presented by the appeal having ceased
> to be of practical importance.

FROM the Chancery court of Kemper county.

HON. JAMES F. McCOOL, Chancellor.

Mrs. Neville, appellee, was complainant in the court below;
Kemper County was defendant there. From a decree in com-
plainant's favor the defendant appealed to the supreme court.

The appellee moved a dismissal of the appeal. The facts of
the case and the grounds of the motion are stated in the opinion
of the court.

*George B. Neville* and *R. E. Wilbourn,* for motion.

This appeal should be dismissed, because the contention of
appellant thereon is consistent with its proceedings after the
rendition of the decree appealed from, and appellant is estopped
to appeal from the decree. 2 Am. & Eng. Ency. of Pl. & Pr.
179; *Parsons v. Rutherford,* 84 Miss. 70, 36 South. 187.

*George H. Ethridge* and *R. V. Fletcher,* against the motion.

The case of *Parsons v. Rutherford,* 84 Miss. 70, 36 South.
187, relied on by counsel, is not in point. In that case the ap-
pellant had received the benefit of a decree by accepting the
money adjudged to be due him. In the case at bar, the county
has been forced into a qualified acquiescense in the decree of the
court, but has received no benefit from the decree, but rather the
contrary. Consequently there is no element of estoppel.

Argued orally by *George H. Ethridge,* for appellant.

WATKINS,[*] Special Judge, delivered the opinion of the court.

Maria F. Giles, the mother of the appellee, owned a large tract of land in Kemper county, Miss., which, at her death, descended to the appellee, who now owns the same. In the year 1887, during the lifetime of Mrs. Giles, the board of supervisors of Kemper county opened up a public road through the pasture land of Mrs. Giles. The road is said to extend about a mile through the land in question. Since the opening up of this road gates have been maintained by Mrs. Giles, and after her death by the appellee, where the public road enters into and departs from this pasture. At the regular meeting of the board of supervisors of Kemper county in October, 1907, an order was passed by the board directing the clerk to issue an order to the sheriff of the county to remove the gates at once. The appellee obtained an injunction restraining the county from carrying out this order. The chancery court, at the final hearing of the cause, held that the proceedings taken by the board of supervisors of Kemper county in laying out this road through the land of Mrs. Giles were void, because the provisions of the Code of 1880, in reference to laying out of public roads, were not complied with, and that the rights exercised by the public over the same during the time which elapsed since the laying out of the road were commensurate with the user thereof, or, in other words, that the public only acquired the right by prescription to use the road subject to the appellee's right to maintain gates across the same, and made perpetual the injunction restraining the authorities of Kemper county from removing the gates, unless compensation was made the appellee.

An appeal was prosecuted from this decree by the appellant. The appellee makes a motion in this court to dismiss the appeal,

[*] FLETCHER, J., having been of counsel in the case before his appointment t othe bench, W. H. WATKINS, ESQ., a member of the supreme court bar was appointed and presided in his place.

because the appellant had, since the rendition of the final decree in the court below and since the prosecution of this appeal, conformed in every respect to the decree of the chancellor by proceeding to lay out a public road across said land in the manner provided in the present Code, and then proceeded to have said gates removed in the manner provided by law. It affirmatively appearing from the proof in this record that this course has been taken, the court, finding that there only remains to be settled a mooted question of law, with no rights to be affected thereby, is of the opinion that the motion to dismiss the appeal should be sustained; and it is accordingly ordered.

*Appeal dismissed.*