ALABAMA & M. R. CO. *v.* MALLETT ET AL.

[78 South. 952, Division B.]

EMINENT DOMAIN.   *Appeal.   Dismissal.*

Under Code 1906, sections 1871-1872 (Hemingway's Code, section 1509-1510), providing that every party shall have the right to appeal to the circuit court from the finding of a jury in a special court of eminent domain by executing a bond with sufficient sureties, and that the appeal shall not operate as a *supersedeas*, where a landowner accepts money assessed by an eminent domain court, he is estopped to appeal to the circuit court.

APPEAL from the circuit court of George county. HON. J. H. NEVILLE, Judge.

Proceeding to condemn land by the Alabama & Mississippi Railroad Company against H. Manson Mallett and others.   From a judgment in the circuit court, increasing the amount of the judgment rendered against the company in an eminent domain court, the railroad company appeals.

The facts are fully stated in the opinion of the court.

*J. W. Backstrom,* for appellant.

The lower court erred in overruling the motion to dismiss the appeal.· It is true that the statutes provide that every party shall have the right to appeal to the circuit court from a special court of eminent domain, yet that right can be waived in proceedings of this kind, the same as in other proceedings.   It could not be argued for a moment that a party could accept the benefits of any judgment rendered by any inferior court, and then appeal to any other court, and our contention in this matter, is that when the defendants accepted the amount of the award in the lower court they waived their right to appeal to the circuit court, and said appeal should have been dismissed.

The statute gives the railroad company the right to pay the award and judgment of the special eminent domain court and enter upon, and appropriate the right of way, and an appeal by the defendants will not prevent the railroad company from appropriating the right of way and which is a wise provision in the law, as it would be impossible for a railroad company to construct a line of railroad if this was not the law, and it is right that the defendant should have the right to appeal from the finding of a special eminent domain court, but the law never did contemplate that the defendant could accept the award of the eminent domain court and then appeal. If the money had in this case been deposited with the clerk of the court as required by statute where the defendants are not satisfied with the award and had that money remained on deposit with the court, then in that event there would be no question but what the defendant had the right to maintain their appeal, but in this case they accepted the money, and accepted it before they took the appeal. *Madden* v. *S. Louisville, N. O. & T. Ry. Co.,* 66 Miss. 258, 6. So. 191.

It is a well-settled principle of law that a party or a corporation cannot accept any of the benefits under a contract, even tho that contract be void, and then repudiate the contract. This is also true as to decrees and judgments of courts, that even when a judgment or decree is void, the party cannot accept the benefit or any part of the benefits, and then question the validity of the decree, and if this is true as to other decrees and judgments, then defendants cannot accept the benefit as fixed by the eminent domain court, and then prosecute an appeal. *Helm & N. W. R. Co.* v. *Turner,* 89 Miss. 334 42 So. 377.

In an appeal from a special court of eminent domain the statute provides that the case shall be tried *de novo,* and if the judgment is increased the railroad company will have to pay the judgment fixed by the

circuit court, and if the judgment should be decreased, the railroad company shall pay only the judgment fixed by the circuit court, but suppose the judgment in the circuit court in this case had been less than three hundred and thirty-five dollars, the amount fixed by the eminent domain court. In what attitude would the railroad company have been. The defendants in this case had already accepted the three hundred and thirty-five dollars, and for all we know spent it; and I know of no way that the circuit court in this proceedings could have ordered the defendants to pay back anything to the railroad company, and had they ordered it, it might have been that an execution against the defendants would be unenforceable. It was held in the case of *Burns* v. *Chicago, etc., Ry. Co.*, 102 Iowa 7, 7 N. W. 728:

"Whatever an assessment of damages the company paid to the sheriff the amount of the award, and both parties appealed, and without the knowledge of the company, the owners subsequently accepted the money from the sheriff, altho the owner's appeal is defeated thereby, yet the court still has jurisdiction on the company's appeal for the owner has the right to contest the amount of recovery.

It seems to me that there can be no other construction of a law where the landowner accepts payment of the whole or a portion of the amount of the award in eminent domain cases, he waives the right to any appeal. *Baltimore E. T. C. R. Co.* v. *Johnson*, 84 Ind. 420; *Miss. R. R. Co.* v. *Byington*, 14 Iowa, 572; *Steuart* v. *Baltimore*, 7 Md. 500; *Parks* v. *Dallas Terminal Co.*, 78 S. W. 533; *Terra Cotta Co.* v. *Electric Co.*, 132 Ga. 537, 64 S. E. 563; *Railroad Co.* v. *Realty Co.*, 205, Mo. 167, 103 S. W. 977; *Winslow* v. *R. Co.*, 208 U. S. 59, 52, L. Ed. 388; *Trust Co.* v. *Ripley*, 175 Ind. 103.

*F. Moss,* for appellee.

It seems that appellant relies mainly on getting a reversal of this case on its first assignment of error, which is to the effect that the lower court erred in overruling its motion to dismiss the appeal from the special court of eminent domain.  To support this contention appellant cites many cases heretofore decided by this court and by courts in many foreign jurisdictions, none of which, we submit, are in point, having no bearing whatever on the present case.

Let us take up the so-called authorities cited by appellant and examine them one by one.  The first case that appellant relies on is the case of *Madden v. Louisville, N. O. & P. R. I. Co.*, 66 Miss. 258, 6 So. 181. This case does not support appellant's contention that the appeal from the eminent domain court should have been dismissed by the circuit court.  The appeal in the Madden case was dismissed because it was not filed within the time required by the statute then in force. There is no such contention here.  This appeal from the eminent domain court was filed within the time and in the manner required by the statute.  The court will note that the Madden case was an ejectment suit, and that the main proposition considered and decided by the court in that case was with reference to the doctrine of election, and the court held that Mrs. Madden, the plaintiff had made no election.  The attempted eminent domain proceeding considered in the Madden case was entirely void, and the court only intimated that a party cannot have the money awarded, even in a void eminent domain proceeding and then litigate with the company as to their right to occupy the land, but this was *dicta* pure and simple, as that question was not then before the court.  There is no contention in the present case that the proceedings in the eminent domain court are void.  In fact, it is admited that the proceedings in the court of eminent domain are valid

and regular, and the appeal to the circuit court is an appeal from the amount of damages allowed by the special court of eminent domain. There is no attempt here, as in the Madden case, to prevent the company from taking and occupying the land. The sole question to be determined in this case by the circuit court was the amount of damages, and appellees had the plain statutory right to have this question reviewed and determined by the circuit court, as we will show to the court later. However, before leaving the Madden case we desire to call the attention of this court to the fact that the court in the Maden case was construing a statute wholly different from the statute now in force controlling eminent domain proceedings and appeals therefrom.

It it true, as stated by appellant, that a party cannot accept the benefits of a contract and then repudiate the contract without making the other party whole. It is true that a party usually cannot accept the benefits of a judgment and then question the validity of the judgment, but this is not so as to eminent domain proceedings, where the course that may be pursued by the parties is laid down plainly and unequivocally by the statute.

The case of *Helm & W. R. Co.* v. *Turner,* 89 Miss. 334, 42 So. 377, cited by appellant has no bearing whatever on the present case. In that case the railroad company paid the damages, took the land and then appealed. This court held in that cases that, if the company took the land, it could not appeal and that if it appealed, it must stay off of the land until the appeal was settled. We are unable to see how the present case is in any manner affected by that case.

Appellant on page six of its brief, beginning with the last paragraph on said page sadly misconstrues the law. Appellant uses these words: "In an appeal from a special court of eminent domain the statute provides that the case should be tried *de novo,* and if the judgment is

increased the railroad company will have to pay the judgment fixed by the circuit court and if the judgment should be decreased the railroad company should pay the judgment fixed by the circuit court.'' In this appellant is partly right and it is partly wrong. The statute says that if the judgment be increased by the circuit court, the railroad company shall be required to pay the amount of the judgment entered by the circuit court; but if the amount of damages awarded by the special eminent domain court be decreased by the circuit court, then the railroad company shall still be required to pay the amount awarded by the special eminent domain court, and the defendant shall suffer no penalty for taking the appeal except pay the costs of the appeal. Sections 1871 and 1872, Code of 1906; Sections 1509 and 1510, Hemingway's Code, *Railroad Co.* v. *Walls,* 110 Miss. 256, 70 So. 349.

This case was tried by the eminent domain court on the 15th day of April, 1916. On the 20th day of April, 1916, the railroad company paid the amount of the award to the defendants.

See page thirty-nine of the record. On the 26th day of April, 1916, the appeal bond perfecting the appeal from the eminent domain court was filed.

Now we call the attention of the court to section 1868, Code of 1906, sections 1509 and 1510, Hemingway's Code, which govern and control this entire proceeding. These statutes are so plain and unambiguous that this court, so far as we have been able to find, has never been called on to render an opinion on the identical proposition now before the court.

Section 1868, Code of 1906, section 1506, Hemingway's Code provides that the applicant must pay to the defendant the amount of the award, if he expects to appropriate the property. So the defendants in accepting the award did not lose any right under section 1871, Code of 1906, section 1509, Hemingway's Code, with reference

to appeals to the circuit court, provided he perfects such an appeal within the time required by law by filing the proper bond, and it also provides that if the appeal be by the defendants, it shall not operate as a supersedeas, and provides how the trial should be conducted in the circuit court.

Section 1872, Code of 1906, section 1510, Hemingway's Code, provides that all costs should be paid by the applicant, except in cases of appeal by the owner, and if the amount awarded in the circuit court should not exceed that found in the special court, the owner and his sureties shall pay the costs incident to the appeal.

No decisions of the supreme court are necessary to construe the statutes above mentioned, as they are as plain as they can be. This court has held that if the applicant had not been satisfied with the award, it could have stayed off of the land and appealed, but there is no decision of this court to the effect that the defendant cannot accept the money awarded and then appeal. There is only one penalty that may be suffered by the defendant in case he loses on his appeal, that is, if the award in the circuit court be not equal to or greater than the award in the special court, that is he is taxed with the cost of the appeal.

From appellant's brief we gather that its only serious contention is that the lower court should have dismissed the appeal on its motion, because the defendants had accepted the award by the special court. But this court will see from an examination of the sections of the Code above referred to that there is no merit whatever in this contention.

Therefore, we respectfully submit that the judgment of the lower court should be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

This is an appeal from the circuit court of George county by the Alabama & Mississippi Railroad Company from a judgment rendered in the circuit court increasing the amount of a judgment rendered against the company in an eminent domain court. The cause proceeded properly before the eminent domain court, and resulted in a judgment against the railroad company for three hundred and thirty-five dollars for the value of the property taken and for damages resulting from such taking. After this judgment was rendered the railroad company tendered to the appellees the money adjudged against the railroad company, which money was accepted and received by the appellees. After accepting this money the appellees took an appeal to the circuit court. When the cause came on for trial in the circuit court the railroad company moved to dismiss the appeal for the reason that the appellees had accepted the amount of the judgment prior to their appeal and were precluded from appealing after so accepting the said money. The court refused to dismiss the appeal, and submitted the issues to a jury, who rendered a judgment for four hundred and thirty-five dollars against the railroad company, thus increasing the judgment of the eminent domain court by one hundred dollars. It was held in *Adams, Revenue Agent,* v. *Carter,* 92 Miss. 579, 47 So. 409, that, where there is an appeal by plaintiff from a judgment of the circuit court, or common-law court, awarding him only a part of his demand, such appeal is barred by his accepting payment of the judgment; and in the case of *Kemper County* v. *Neville,* 95 Miss. 56, 48 So. 727, it was held that the appeal would be dismissed where after the rendition of the judgment below, enjoining the county in that case from removing gates across a highway, the county proceeded to condemn a right of way and removal of the gates under the statutes; that

such proceeding estopped the county from appealing from the decree making the injunction permanent. In the case of *Helm & N. W. R. Co.* v. *Turner,* 89 Miss. 344, 42 So. 377, it was held in a condemnation case that, where the railroad paid the money assessed by the eminent domain court, and proceeded to lay out its road across said lands, and after such payment appealed, the appeal would be dismissed, as the payment of the money and taking possession of the land was an acceptance of the judgment. We think in the present case the rule is merely reversed and the owner of the property having accepted the money, is bound by such acceptance. It is contended on behalf of the appellee that the appellee was not precluded from accepting the money because of section 1871 and section 1872 of the Code of 1906 (Hemingway's Code, sections 1509, 1510) which read as follows:

"Every party shall have the right to appeal to the circuit court from the finding of the jury in the special court by executing a bond with sufficient sureties, payable to his adversary, in a penalty of three hundred dollars, conditioned to pay all costs that may be adjudged against him; which bond shall be given within twenty days after the rendition of the verdict, and may be approved by the justice. If the appeal be by the defendant, it shall not operate as a *supersedeas,* nor shall the right of the applicant to enter in and upon the land of the defendant and to appropriate the same to public use be delayed. Upon appeals, the issues shall be tried *de novo* in the circuit court, which shall try and dispose of it as other issues, and enter all proper judgments.

"1872. Costs.—The costs in all cases under this chapter shall be paid by the applicant; but in case of appeal by the owner, if the amount awarded in the circuit court do not exceed that found in the special court, the owner and his sureties shall pay the costs incident to the appeal."

It will be noticed from these sections that the trial is *de novo,* and that the appeal by the owner does not operate as a *supersedeas,* and, as provided in said section, then in case the appellant does not increase the amount of the judgment awarded in the eminent domain court that the owner shall pay the costs incident of the appeal. This does not in terms, or in substance, authorize the defendant to accept the money assessed and then appeal to the circuit court. Under these statutes the circuit court is not bound in any respect by the judgment of the court below. The judgment may be diminished as well as increased, and if the owner was permitted to take the money assessed and then appeal, and in case of increasing the judgment take that, and in case of decrease of the judgment keep what he had already taken, it would obviously result in an injustice to the condemning party, especially where the owner was insolvent. The statute recognizes the right, we think, of the owner to refuse acceptance, and in such case, if the railroad desired to proceed with the laying out of the road, the money could be paid into court, and there it would remain until the issues were finally settled. We are of the opinion that the motion to dismiss should have been sustained, and the judgment will be reversed, and the appeal dismissed.

*Reversed, and appeal dismissed.*