HUGHES *et al.* *v.* BALL.*

(Division A.   Jan. 18, 1926.)

[106 So. 626.   No. 25463.]

APPEAL AND ERROR.   *Appeal from refusal to set aside as void order creating school district dismissed as involving moot question, in view of subsequent valid order.*

Appeal from decree adverse to plaintiffs in suit merely to set aside alleged void order creating school district, there being no allegation of threatened taxes, will be dismissed as involving only a moot question; a subsequent valid order creating the district having been passed before final decree.

---

*Corpus Juris-Cyc References; Appeal and Error 4 C. J., p. 584, n. 62.

APPEAL from chancery court of Simpson county. HON. T. P. DALE, Chancellor.

Suit by R. B. Hughes and another against F. M. Ball. From an adverse decree, plaintiffs appeal. Appeal dismissed.

*W. M. Lofton,* for appellants.

The county school board sits as a court of special and limited jurisdiction and unless the jurisdictional facts appear in the orders that it passes, they are void. No presumption is indulged in favor of courts of special and

limited jurisdiction, but the jurisdictional facts must appear of record and the tribunal must act in conformity with and be controlled by the authority conferred. The county school board in its efforts to pass this order was exercising a purely statutory authority, and when the record showed that it failed to follow the plain statutory provision its said order is void. See *Garner* v. *Webster Co.,* 79 Miss. 565, 31 So. 210; *Bolivar County* v. *Coleman et al.,* 71 Miss. 832, 15 So. 107.

I contend that the county school board had no authority during any scholastic year to consider a petition asking for affirmative action filed during a previous year. If the county school board in the location of school districts and fixing the boundaries thereof could act upon a petition on that subject, filed one year before, why could it not act upon a petition filed two years before, or five years, or ten years before? This observation merely shows the absurdity of the thing. It must be remembered that people change their minds. One might favor the establishment of a consolidated school district in 1924; and in 1925 he might be violently opposed to it. This case is very unlike the case of *Liddell* v. *Noxapater School District,* 92 So. 631.

The decree of the lower court is erroneous, should and will be reversed, and a decree entered in this court granting the appellants the relief sought.

*Hilton & Hilton,* for appellee.

It appears that notice of the school board meeting to be held January 16, 1925, was published respectively in accordance with the school acts of 1924. It appears from this order that it was merely an error and an oversight that the proper adjudicated facts were not written in the original order of July 7, 1924, showing that a majority of the patrons of the rural school had asked for the consolidation of the rural schools, and that the board being fully advised that the scrivener failed to write into

the order the adjudicated facts, did then and there order, direct and adjudge the former order be amended to conform to the adjudicated facts, etc. Counsel, *contra,* objected to the introduction of this order. We say it was competent. 11 Cyc., page 764; *Keeton* v. *Board of Supervisors, Clarke County,* 117 Miss. 72.

In our opinion, this suit by appellant and complainant below was brought in the lower court and urged here on purely technical questions. While the original order of July 7 was not as full as it should have been, yet this has been corrected by their order of January 16, 1925, and we think, cures that defect. This whole record discloses that, as a matter of fact, the law was followed; and as a large majority of the patrons of those rural schools desired a consolidation, the school board heard their request, gave them the consolidated school, and we think this case should be affirmed.

Argued orally by *W. M. Lofton,* for appellant.

McGowen, J., delivered the opinion of the court.

Hughes and another filed their bill in the chancery court of Simpson county, seeking the cancellation and the setting aside of an alleged void order passed by the county school board undertaking to create and establish a consolidated school district. This was the only relief prayed for in the bill, and the only allegation tending to show any special interest in or right to have canceled the alleged void order, and it is set forth in full in paragraph 6 of the bill, which is as follows:

"That your petitioners are advised and believe that, under the laws of this state, there is no provision made for an appeal from the void order heretofore mentioned in this case, and that they are without a remedy, except at the hands of this court, but they would charge that they live in the territory that is sought to be included in this unnamed and unknown alleged consolidated school

district, and that they are heavy taxpayers in said county, and would be forced to pay extra tax, if this unnamed and unknown proposed consolidated school district is permitted to stand, and that these extra taxes would come about in the way of levying a special tax on the property of said proposed consolidated school district for the purpose of supplementing the county funds in the operation of the school, for the extension of the terms, or for making improvements in the school property, and possibly by the issuance of bonds to raise money for the purpose of repairing the old school building, or the erection of a new school building and equipping same."

It will be noticed that there is no allegation that the board of supervisors have levied any tax, or that the sheriff is threatening to collect a tax, or that any effort of any kind is feared or threatened on account of the alleged void order, or that any lien or other impairment of the complainant's property or personal rights is involved by the terms of the bill, save the naked fact that there is a void order that might ultimate in the levy of taxes against these self-denominated "heavy taxpayers."

The order complained of was alleged to have been entered in July, 1924. This record shows that in January, 1925, while the suit was yet undetermined, the county school board passed a perfectly valid order, as appears from this record, and the only thing asked for in the bill was the cancellation of a void order, and since the year 1924 has passed, it is evident that this court is asked to pass upon a moot question, which we decline to do. The scholastic year has also passed, and there is no allegation of any tax having been levied in the bill, and it only seeks to cancel a void decree; and it appearing to us now that in January, 1925, while this case was yet pending and before final decree in the court below, the school board passed an order creating the district and setting forth the jurisdictional facts, it would of necessity be a moot question now to determine whether or not the first order

was void, and, of our own motion, we dismiss the appeal in this cause under the authority of *Kemper County* v. *Maria G. Neville*, 95 Miss. 56, 48 So. 727.

The appeal herein is dismissed.

*Appeal dismissed.*