McKinnon *et al.* v. Poole.*

(Division A. March 29, 1926.)

[107 So. 550. No. 25887.]

APPEAL AND ERROR. *Appeal of complainant in suit to enjoin interference with harvesting crop will, after crop has been disposed of, be dismissed as involving moot question.*

The main object of suit being to enjoin interference with possession and harvesting of a crop, and any other relief prayed for having been merely incidental, complainants' appeal will be dismissed as involving moot question; the crop having passed into history.

---

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 575, n. 80.

APPEAL from chancery court of Tate county.
HON. N. R. SLEDGE, Chancellor.

Suit by M. A. McKinnon and others against T. F. Poole. From an adverse decree, complainants appeal. Appeal dismissed.

*E. D. Dinkins* and *J. F. Dean,* for appellants.

*Herbert Holmes,* for appellee.

REPORTER'S NOTE: The court having dismissed the appeal as involving a moot question, the points raised in

elaborate briefs filed by respective counsel are only of academic interest.

McGowen, J., delivered the opinion of the court.

Appellants, complainants in the court below, filed their bill setting up that they had made a contract of hire with the defendant, Poole, as an employee, by which the complainants were to supply the land, seed, implements, work stock, and such other things as were customary in the community, and that the defendant was to perform the labor necessary to planting, cultivating, and harvesting the crop; alleging that the contract was one between employer and employee, commonly called sharehand or cropper for the year 1925. The bill alleged that the defendant, early in June, abandoned the crop, and left the state, and that the employer took possession thereof, and procured McKinnon to take over the crop and work it out and harvest it under the same contract as had been made by Poole. The bill further alleged that Poole remained away from the crop until it had been worked out and rendered valuable, whereas it was valueless when the crop was abandoned, and that he interfered with the possession of McKinnon, and was moving the products, and was defying all the parties complainant with reference to the possession and harvesting of said crop. The prayer of the bill is as follows:

"That an appropriate decree be entered determining the rights of the parties to this cause in the said crop, and that the defendant be permanently enjoined from entering thereon, from interfering therewith, from gathering or removing any part of said crop, and that he restore such part thereof to the complainants as he may have taken away or destroyed, and that whatsoever claim of title or interest he may assert in said crop shall be canceled, and, the complainants' rights being determined, that they be decreed to them, and that they have such other, further, and general relief as they may be entitled to receive."

The court below sustained the demurrer to the bill, and this cause was submitted to this court on the 18th day of January, 1926. No temporary injunction had ever been issued. It is very clear from the prayer of the bill that its main object and purpose and dominant feature was to secure an injunction restraining the defendant from interfering with the complainants' possession and harvesting of the crop located somewhere on the plantation of Langston.

We feel perfectly safe in the statement that the bill is one for an injunction, and any other relief prayed for is merely incidental. By reference to the reply brief of counsel for appellant, on page 2 thereof, we find this statement:

"It was not the purpose of the bill to recover anything of the defendant, but to restrain him from the perpetration of a wrong against the complainant."

When the case was submitted to this court, the interesting questions raised in briefs of counsel had become moot. At this late date it would be vain and futile for us to undertake to settle the questions presented, because the crop of 1925 has passed into history, and an injunction issued at this time, or after the expiration of the year 1925, would not serve to relieve the complainants in the court below, who are the appellants here, in any manner.

Being of the opinion that this is a moot case, on our own motion we dismiss the appeal herein on the authority of *R. B. Hughes et al* v. *F. M. Ball* (Miss.), 106 So. 626, and *Kemper County* v. *Mariah G. Neville,* 48 So. 727, 95 Miss. 56.

*Appeal dismissed.*