CAMPBELL v. LOVGREN.

(Division A.    Dec. 10, 1934.)

[157 So. 901. No. 31412.]

386

Geo. T. & Chas. S. Mitchell, of Tupelo, for appellant.

Reily & Parker, of Meridian, and W. B. Lucas and L. L. Martin, both of Macon, for appellee.

Argued orally by George T. Mitchell, for appellant, and by W. B. Lucas, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a decree modifying a former order of the court below in a divorce proceeding awarding the custody of a child to its father, with the right to its mother to visit it at intervals. The father of the child lives in Macon, Mississippi, and its mother in Chicago, Illinois. The decree appealed from modified the former decree to the extent that the father was directed to deliver the custody of the child to its mother on June 15, 1934, in the city of Macon, and the mother was authorized to retain its custody for a period of two months, at the end of which period she was to redeliver it to its father. The appeal is by the father, and there is no cross appeal by the mother.

The period of time during which the custody of the child was changed by the decree appealed from having expired, the questions presented by the record have become purely academic, and therefore no actual controversy is presented for the decision of this court, from which it follows that the appeal should be dismissed. McDaniel v. Hurt, 92 Miss. 197, 41 So. 381; Pafhausen v. State, 94 Miss. 103, 47 So. 897; Kemper County v. Neville, 95 Miss. 56, 48 So. 727; Whidden v. Broadus, 108 Miss. 664, 67 So. 155; Hughes v. Ball, 140 Miss. 812, 106 So. 626.

Though earnestly requested by counsel to depart from this rule and to say whether or not the decree of the court below should have been rendered, in order that the court may be guided thereby should another petition be filed for the modification of the decree rendered in the divorce proceeding, we do not feel at liberty to do so. Such an opinion would be merely advisory, and the rendering of opinions of that character are not within the province of this court. Moreover, whether or not that decree should be modified will depend on facts and circumstances that may exist when a petition for that purpose is heard by the court.

Appeal dismissed.