## VAN NORMAN *v*. BARNEY.

(In Banc. Feb. 25, 1946. Suggestion of Error Overruled March 25, 1946.)

[24 So. (2d) 866. No. 36035.]

(In Banc. March 25, 1946.)

[25 So. (2d) 324. No. 36035.]

**F. D. Hewitt,** of McComb, for appellant.

**Gordon & Gordon,** of Liberty, for appellee.

Argued orally by **F. D. Hewitt,** for appellant, and by **C. T. Gordon,** for appellee.

**Roberds, J.,** delivered the opinion of the court.

This appeal involves the correctness of the action of the chancellor in refusing to confirm in appellant a sale of lands of Hillery Barney, an alleged non compos mentis, made at the instance of a guardian of said lands.

The question arises under these circumstances: At a sale made April 28, 1945, appellant was the highest bidder

at $1,990, which he paid to the special commissioner making the sale. The chancellor declined to approve this sale because it became known to him that the land was not correctly described in the petition for the sale and in the advertisement. The petition was amended and the description corrected and another sale ordered.

The second sale took place May 5, 1945, and J. I. Poole was the highest bidder at $2,560. The chancellor refused to approve this sale because the time elapsing between the date of the advertisement and the date of the sale was less than that required by the decree and the law. Another sale was ordered.

The third sale was had June 22, 1945, at which J. I. Poole was the highest bidder at $2,280. The chancellor confirmed that sale.

It appears that appellant bid at the second and third sales. He also filed in the cause a written protest against confirmation of the sale to Poole, insisting that the first sale be confirmed to him.

Both the petition and the advertisement, under which the first sale was had, omitted the township and range in which the lands were located. Therefore, the sale was clearly void and the chancellor was correct in not confirming the title in appellant. As the chancellor observed the void description might have deterred others from bidding. In addition, the Court should not render a decree knowing it to be void and illegal. Appellant was not the high bidder at either of the other two sales; therefore, the only complaint which he is in position to assert is the refusal to approve the sale at which he was the highest bidder, and, as stated, the chancellor was correct in that.

It is not necessary for us to, and we do not, express any opinion as to the validity of the appointment of the guardian in this case, or the legality of the sale under the procedure adopted herein.

Affirmed.

**Roberds, J.,** delivered the opinion of the court on suggestion of error.

In the original opinion in this case we held that the only question about which appellant could complain was the refusal of the chancellor to confirm in him the sale at which he was the highest bidder, and that the chancellor was correct in refusing to confirm that sale. Appellant now, in a suggestion of error, again urges us to say whether the original appointment of the guardian and the sale to Poole under the proceedings adopted in this cause were, or were not, legal and valid. Those questions are not presented by this record. There are available and appropriate proceedings by which these questions can be raised by proper parties if it is desired to do so. Appellant is apprehensive of the welfare of the non compos mentis and says that our decision against appellant on the only issue presented leaves the purchase by Poole undisturbed and warrants the conclusion that this court has approved the legality of the sale to him.

In our original opinion we refused to yield to the demand that we decide the important, but collateral issue, of the validity of the appointment of the guardian and the legality of the sale to Poole and emphatically stated we could express no opinion thereon. This court has no power or duty to render advisory opinions.

SPECIALLY CONCURRING OPINION.

**McGehee, J.,** delivered a specially concurring opinion.

I agree that the sale at which the appellant Van Norman became the highest bidder for the land in question was invalid, and that he would not be entitled on this appeal to have the decree reversed whereby that sale was set aside, or not confirmed. However, I am also of the opinion that it is well to further emphasize, both for the protection of the alleged non compos mentis who owns

the land and the purchaser thereof at the last sale, the fact that in affirming the case in our former opinion we did not mean to affirm the correctness of the decree appealed from whereby the purchase at the last sale confirmed. Since the record does not disclose that the non compos mentis, who is alleged to be at Whitfield in pursuance of a certificate of two physicians, was ever legally adjudicated to be such in the manner provided by law for the appointment of a guardian for him as a non compos mentis to take charge of his estate, it would follow that the trial court did not acquire jurisdiction over his land for the purpose of ordering the same to be sold, and hence this Court would have no jurisdiction to affirm a decree whereby a sale of his land was confirmed.

Moreover, it would appear from the record that the land in question was set apart to the non compos mentis in an extra judicial partition in kind by which he could not be bound without being represented by a legally appointed guardian for his estate as a non compos mentis, and that he still owns an undivided interest in all of the lands of which his mother died seized and possessed. The attempted confirmation by the court of the said partition among the heirs without the non compos mentis being legally represented was not authorized.

**L. A. Smith, Sr.**, and **Griffith, JJ.**, join in this opinion.