SAVELL *v.* SAVELL.

In Banc. Mar. 28, 1949.

(39 So. (2d) 532)

56

W. T. Wier, for appellant.

J. O. Hollis, and A. M. Warwick, for appellee.

Smith, J.

This appeal is the aftermath of an original decree of divorce granted the husband, while awarding their children to the wife to be kept in the home of her father, and requiring both husband and wife to contribute equal stated amounts monthly for their support and maintenance. From time to time, petitions and cross-petitions were filed for modifications of the first decree, and twice the wife obtained citations against the husband for contempt. Each time he was exonerated by the chancellor.

It is difficult for us to justify this action by the evidence in the record, but since the wife took no cross-appeal we make no adjudication thereon, and we refer to it no more.

It is necessary to refer specifically only to a provision in each of the last two decrees, in view of the conclusion we have reached. By a decree dated November 25, 1947, the trial court directed that the children be placed in certain boarding schools in Natchez for the scholastic year 1947-1948, and that the father pay said schools $50, and

the mother pay $10, per month. At the end of the school year, the children were to be returned to the home of the mother's father and there to remain for six weeks; then to be transferred to the custody of the father for six weeks thereafter. The right was reserved by the court to "modify this decree in vacation or term time upon application of either party". This was an agreed decree.

On a subsequent hearing upon the controversial pleadings between the parties, the court entered a decree dated January 16, 1948, from which this appeal was prosecuted. Modification was sought and denied. It was further ordered that the November 25, 1947 decree "in all respects be now complied with, and carried into full force and effect." The husband appealed.

 Appellee, the wife, has here filed a motion to dismiss the appeal as moot, because of the expiration of the 1947-1948 scholastic year, and the two successive six weeks' custody thereafter fixed by the chancery court. It is at once manifest that this charged termination is a fact.

The issue thus raised was definitely decided by us in another child custody case, wherein we said: "The period of time during which the custody of the child was changed by the decree appealed from having expired, the questions presented by the record have become purely academic, and therefore no actual controversy is presented for the decision of this court, from which it follows that the appeal should be dismissed." Campbell v. Lovgren, 171 Miss. 385, 157 So. 901. Several citations of Mississippi cases are listed in support of our opinion there.

Therefore, the motion of appellee, supra, is sustained, and the appeal will be, and is, dismissed.

Appeal dismissed.