The appellant Charles Daniel Monaghan (Monaghan) and the appellee Blue Bell, Inc. (Blue Bell) entered into an employment contract on July 2, 1976, the third paragraph of which instrument is the basis of this suit and which provides the following:
 "3. Covenant Relative to Employer's Competitors.
Employee agrees that, except with written permission from Employer, he will not, for a period of two (2) years after the end of his employment with Employer, perform any services, either as owner, partner, employee, or consultant, for any person or business entity (or a subsidiary thereof) in competition with Employer."
On June 28, 1979, Monaghan resigned from his employment with Blue Bell, effective July 27, 1979, and indicated his intention to enter the employment of Kellwood Corporation (Kellwood). He requested that he be released from his contract with Blue Bell and permission to enter the employment of Kellwood. Trade secrets of Blue Bell were involved. The requests were denied but, notwithstanding, Monaghan started to work for Kellwood.
Blue Bell filed its bill of complaint against Monaghan in the Chancery Court of Monroe County seeking temporary and permanent injunctions under the employment contract. The chancellor granted the temporary injunction and, after a full hearing, granted a permanent injunction enjoining Monaghan from continuing his employment with Kellwood for the period of one (1) year from October 25, 1979, to October 25, 1980. The chancellor declined to grant supersedeas on the decree. Monaghan has appealed to this Court from the final judgment.
Monaghan contends on this appeal that (1) the agreement is void on its face and no sufficient grounds for injunctive relief were alleged, and (2) the court erred in finding the employment contract valid and in issuing a permanent injunction against him. The case was submitted on briefs and oral argument to this Court, October 29, 1980, four (4) days after the expiration of the one-year period in which Monaghan was enjoined from working for Kellwood.
Cases in which an actual controversy existed at trial but the controversy has expired at the time of review, become moot. We have held that the review procedure should not be allowed for the purpose of *Page 467 
settling abstract or academic questions, and that we have no power to issue advisory opinions. Insured Savings LoanAssociation v. State, 242 Miss. 547, 135 So.2d 703 (1961);McLendon v. Laird, 211 Miss. 662, 52 So.2d 497 (1951); VanNorman v. Barney, 199 Miss. 581, 24 So.2d 866 (1946).
This Court will not adjudicate moot questions. Bradley v.State, 355 So.2d 675 (Miss. 1978); Stevens Enterprises, Inc. v.McDonnell, 226 Miss. 826, 85 So.2d 468 (1956); Sheldon v.Ladner, 205 Miss. 264, 38 So.2d 718 (1949).
The judgment of the trial court has been executed and satisfied. We conclude that the question presented here is moot and that the appeal should be, and is, dismissed.
APPEAL DISMISSED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.