THOMAS, J.,
for the Court:
¶ 1. Herbert L. Brewer, III, the president of Tennessee Properties, Inc., appeals pro se an order of the Hinds County Circuit Court vacating and expunging a foreign judgment from the judgment rolls and the granting of injunctive relief simultaneously sought. Brewer assigns the following assignments as error, which we repeat verbatim:
I. DID THE PRESIDING JUDGE ERR BY MAKING AN “ADMINISTRATIVE DETERMINATION THAT THE PLAINTIFFS, TENNESSEE PROPERTIES, INC.; ADVANCED FAMILY REHAB, INC.; ADVANCED FAMILY MEDICAL, INC.; HERBERT LEON BREWER, III; SOVEREIGN ACCOUNTING, TRUST; EVERETT LEON STOUT; AND RON WILBURN WAS NOT ALLOWED THE RIGHT TO CONSTITUTIONAL DUE PROCESS?
II. AT FIRST BLUSH THE QUESTION ARISES, DOES THE COURT OR SOME ADMINISTRATIVE DEPARTMENT UNDER THE COURT HAVE AN INTEREST IN THESE INSURANCE COMPANIES THAT WE *45 HAVE ENCOUNTERED SUCH HUGE ROADBLOCKS FOR TENNESSEE PROPERTIES, INC.; ADVANCED FAMILY REHAB, INC.; ADVANCED FAMILY MEDICAL, INC.; HERBERT LEON BREWER, III; SOVEREIGN ACCOUNTING, TRUST; EVERETT LEON STOUT; AND RON WILBURN WHILE TRYING TO OBTAIN DUE PROCESS?
III. DID THE PRESIDING JUDGE ERR BY RULING ON A CONSTITUTION ISSUE, WHEN HE HAS NOT TAKEN AN OATH OF OFFICE SINCE THE 6TH DAY OF JANUARY, 1992; ACCORDING TO THE CIRCUIT COURT CLERK, BARBARA DUNN’S RECORDS OF HINDS COUNTY?
IV. DID THE PRESIDING JUDGE ERR BY RULING; THAT UNDER RULE 1.06 OF THE MISSISSIPPI UNIFORM CIRCUIT AND COUNTY COURT RULES, ONLY AN ATTORNEY THAT IS LICENSED TO PRACTICE LAW IN THIS STATE, IS ALLOWED TO REPRESENT A CORPORATION AND THEN SAID JUDGE WENT ON TO RULE AGAINST THESE THREE CORPORATIONS (TENNESSEE PROPERTIES, INC.; ADVANCED FAMILY REHAB, INC.; ADVANCED FAMILY MEDICAL, INC.) WITHOUT AN ATTORNEY REPRESENTING SAID CORPORATIONS.
V. DID THE PRESIDING JUDGE ERR BY ALLOWING A PARTY TO ENTER AS AN INTERVE-NOR (29) TWENTY NINE DAYS BEYOND THE (20) TWENTY DAY RULE TO OBJECT TO THE ENROLLMENT, ACCORDING TO MISSISSIPPI CODE ANNOTATED 11-7-305, THEREBY CIRCUMVENTING THE RULE SET BY THE LEGISLATURE AND-CAUSING A JUDICIAL FIAT TO TAKE PRESENT OVER A LAW CREATED BY THE LEGISLATURE?
VI. DID THE PRESIDING JUDGE ERR BY RULING THAT THE TWO REPRESENTATIVES PRESENT FOR SOVEREIGN ACCOUNTING, (PURE) TRUST WHO THE LIENS WERE ASSIGNED TO, WERE PREVENTED FROM BEING A PARTY TO THE HEARING THUS DENYING CONSTITUTIONAL DUE PROCESS?
VII. DID THE PRESIDING JUDGE ERR BY RULING AGAINST THE CONSTITUTIONAL COURT RULING WITHOUT THE RULES OF COMMON LAW AS PRESCRIBED BY MISSISSIPPI CODE ANNOTATED 9-3-63; THE SEVENTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA AND US VS. CRUIEL-SHANK, 92 U.S. 542, 23 L.Ecl. 588; TITLE 18 § 241 AND 242; AND TITLE 42 § 1983?
¶ 2. We affirm.
FACTS
¶ 3. This controversy began in December, 1995 when a fire occurred in Herbert Leon Brewer,. Ill’s chiropractic office in Lee County. Southern Pilot was the insurance company for the office and began to investigate the claim made by Brewer. Southern Pilot maintains that Brewer was uncooperative in regards to the investigation of the fire so Southern Pilot initiated a declaratory judgment action in the United States District Court for the Northern District of Mississippi seeking a.declaration that it had no obligation under the *46 policy as a result of Brewer’s failure to cooperate. Brewer argues that Southern Pilot was unwilling to act in good faith and settle a fire claim and when the State Insurance Commissioner ordered Southern Pilot to meet with him in Jackson, they “knew they were in trouble so they ran to the Federal Courts for protection without exhausting state remedies.”
¶ 4. On September 26, 1996, in the U.S. District Court, the Honorable Jerry A. Davis granted a summary judgment in favor of Southern Pilot and against Brewer. Southern Pilot Ins. Co. v. Brewer, No. 1:96CV93-JAD, 1996 WL 671325 (N.D.Miss.Sep.25, 1996). Brewer appealed, and the Fifth Circuit Court of Appeals affirmed the District Court’s decision. Southern Pilot Ins. v. Brewer, 125 F.3d 852 (5th Cir.1997). Brewer then filed a petition for writ of certiorari with the United States Supreme Court, which was denied. Brewer v. Southern Pilot Ins. Co., 523 U.S. 1030, 118 S.Ct. 1321, 140 L.Ed.2d 484 (1998). Brewer then took his case to the “Common Law” courts which gave him the desired judgment which he attempted to enroll on the judgment rolls, leading us to the controversy at hand.
¶ 5. On September 21,1998, Brewer filed and attempted to enroll a “foreign judgment” on the judgment rolls of Hinds County against Southern Pilot Insurance Co., Inc., Winterthur Swiss Insurance Group and Southern Guaranty Insurance Company, Inc. (Southern Pilot). The judgment was rendered by the so called, and we quote: “Constitutional District Court for the Original United and Several States of America. As Established Under Article III of the Original Constitution of 1787; Eastern District, Little Rock, Division. The Several State, of Arkansas. United with the Original Thirteen, United States.” On September 22, 1998, the Circuit Clerk of Hinds County mailed a notice of filing and enrollment of judgment to Southern Pilot pursuant to Miss.Code Ann. § 11-7-305 (Supp.1999). On October 12, 1998, Southern Pilot served and filed an objection to enrollment of purported foreign judgment, motion to vacate and expunge the purported foreign judgment from the judgment rolls, a motion for in-junctive relief and motion for assessment of fees, expenses and damages.
¶6. Brewer enrolled a “foreign judgment” against Central States in the circuit clerk’s office of Tunica County, Mississippi. On September 24, 1998, the Circuit Clerk of Tunica County issued a notice of filing of foreign judgment to Central States by Brewer also rendered by the so called “Constitutional District Court of Common Law.” On October 2, 1998, counsel for Central States telephoned the circuit clerk’s office in Tunica County, notifying the clerk’s office that the documents sent by Brewer did not constitute a “foreign judgment” and should not be enrolled on the judgment rolls, which prompted the clerk to remove the enrollments. Central States was then made aware of U.C.C. filings by Brewer in the custody of the Secretary of State’s office and of the similar case in Hinds County filed against Southern Pilot Insurance Company, Win-terhur Swiss Group and Southern Guaranty Insurance Company. On November 9, 1998, Central States then filed a motion to intervene as a defendant in the Hinds County case, along with an objection to the enrollment of a purported foreign judgment, a motion for injunctive relief and a motion for assessment of fees, expenses and damages.
¶ 7. The hearing on the motion was held on January 29, 1999. The trial court held the following: that the “Constitutional District Court of Common Law” does not exist and “is not authorized under the United States Constitution, under the Constitution of Arkansas, under the Constitution of the State of Mississippi. This is not a court which is authorized, recognized, or lawfully exists under any state constitution or the Constitution of the United States. Inasmuch as it does not, then this Court is compelled to find that any judgment purportedly obtained in said *47 court is not a valid judgment, is null and void, is not enforceable, and hence the motion to vacate the judgment, or at least to strike it from any enrollment in the judgment records of Hinds County is granted.” Thereafter, the trial court entered an order vacating and expunging the purported foreign judgment from the judgment rolls, and granted the injunctive relief requested by Southern Phot. Following that, the trial court entered an order granting intervention and injunctive relief on the motion filed by Central States.
ANALYSIS
¶ 8. We need not address each assignment of error inasmuch as Brewer’s whole theory by which he seeks relief is predicated upon our holding that the “Constitutional District Court for the Original United and Several States of America. As Established Under Article III of the original Constitution of 1787; Eastern District, Little Rock Division. The Several State, of Arkansas. United with the Original Thirteen, United States” is valid and legal. We agree with the trial court that there is no federal or state constitutional or statutory authorization for this “court” and therefore no authority or foundation for the “judgment.”
¶9. The Uniform Enforcement of Foreign Judgments Act states that a “foreign judgment” means any judgment, decree or order of a court of the United States or of any other court which is entitled to full faith and credit in this State. Miss.Code Ann. §§ 11-7-301 (1972) (emphasis added). For Mississippi courts to give full faith and credit to judgments, decrees, and decisions of courts of another state, the court of the foreign state must have had jurisdiction of the subject matter and territorial jurisdiction of the parties; a judgment of a foreign state is not binding on Mississippi residents where the foreign judgment has been rendered merely on constructive service of process and/or where no answer or other pleading has been filed by the Mississippi resident and/or where he/she has not otherwise entered an appearance in the foreign court. U.S. CONST, art. IV, § 1.
¶ 10. This so called “Constitutional District Court of Common Law” simply does not exist in the eyes of the Constitution or statutes of the United States, the states of Mississippi, Arkansas or any other state.
¶ 11. Brewer attempts to pick and choose when the laws and procedures of the judicial system of this State, other states and the federal system suit him. Brewer used the federal system and appealed adverse decisions all the way to the United States Supreme Court. When the result was not satisfactory to him, he took his controversy to a makeshift “court” that would give him the result he desired. Now, Brewer returns to the courts set up to uphold the laws of the land to enforce the judgment. In his brief, Brewer refers to the legislature, statutes, cases and the United States Constitution; however, he only refers to the parts that help his cause and picks and chooses when these references are to apply to him. In the record below, Brewer refused to obtain the services of a lawyer to represent him and stated “I do not believe in using attorneys. They are of the devil.” Then in his brief to this Court he attempts to raise as one of the errors the fact that he was not represented by an attorney. This abuse and manipulation of the judicial system cannot and shall not be tolerated. All the laws of the United States of America are applicable to everyone at all times, even to Brewer.
¶ 12. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, and PAYNE, JJ., Concur.