SOUTHWICK, P.J., for the court.
¶ 1. A Lauderdale County chancellor incarcerated Bobby Serton for civil contempt for failing to pay child support. Serton filed for habeas corpus relief, which was denied. On appeal, he argues the civil contempt judgment was invalid due to the failure to give him notice of the pendency of the contempt hearing. We find the claim to be moot and dismiss.
FACTS
¶ 2. On January 17, 1997, Bettie Serton filed for a divorce from Bobby Serton and simultaneously filed for temporary support. An agreed judgment of temporary relief was entered in April 1997, covering, among other things, child support payments required of Bobby Serton.
¶3. Subsequently, Bobby Serton suffered a work-related injury and eventually became unemployed. Serton failed to make all of the required child support payments. As a result, Bettie Serton filed a motion for citation of contempt against him in March 1998. The motion was heard in April 1998, at which time the chancellor determined Bobby Serton was in arrears on the payments in excess of $3000.
¶ 4. A second citation of contempt motion was filed by Bettie Serton in August 1999, for falling to pay the child support, failure to maintain medical insurance on the children and discovery violations in the ongoing divorce suit. At the hearing on the matter on September 7, 1998, the chancellor again found Bobby Serton to be in arrears in excess of $12,000. The chan *731 cellor also found Serton in contempt and ordered him jailed until such time as he purged himself of the contempt by bringing current the payments. The record is unclear as to whether Bobby Serton attended this hearing.
¶ 5. In November 1999, the chancery court heard the divorce complaint over Bobby Serton’s objection. The divorce was granted. Bobby Serton appealed that judgment, with an outcome that we will discuss below. The case before us today is from the denial of habeas corpus relief sought by Bobby Serton in June 2001.
DISCUSSION
¶ 6. The entirety of this appeal may be disposed of by reference to a decision handed down by this court in a related appeal. Serton v. Serton, 819 So.2d 15, 21 (Miss.Ct.App.2002). That case was the direct appeal of the judgment of divorce granted Bettie Serton. Incorporated within Bobby Serton’s appeal of the divorce was the issue of his contempt incarceration. At that time, we held that the contempt conviction could not stand since there was no evidence' that Serton had been given notice of the September 7, 1998 hearing that led to the contempt. This Court’s mandate was issued on June 27, 2002, reversing and remanding the judgment of contempt for failure to pay child support.
¶ 7. Therefore, Serton has already received the relief that he seeks in this case. Our mandate in Cause No.l999-CA-02042 must be followed and Serton released from incarceration that is based on the contempt as set out in that opinion. This appeal is now moot and is therefore dismissed.
¶ 8. THE APPEAL OF DENIAL OF WRIT OF HABEAS CORPUS BY THE CIRCUIT COURT OF LAUDERDALE COUNTY IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ„ CONCUR.