CARLSON, Justice,
for the Court.
¶ 1. Today’s appeal involves a request by a minor child’s mother that we refuse to give full faith and credit to two ex parte orders entered by a South Carolina trial court concerning child custody issues litigated by her and the child’s father in both the South Carolina and Mississippi courts. The Warren County Chancery Court entered an order on a petition for writ of habeas corpus affording full faith and credit to the South Carolina court orders. The mother asserts that she was denied due *955 process, and that the execution of the Mississippi chancery court order should have been stayed pending appeal, pursuant to our rules of appellate procedure. We find that the mother’s request for a stay of execution of the chancery court order is without merit. Additionally, because the County Court of Warren County has awarded custody of the minor child to the father in separate proceedings, and that judgment is final, the issue of child custody is moot. Thus, as to the issues raised, we affirm in part, and dismiss in part.
FACTS AND PROCEEDINGS IN THE TRIAL COURT
¶ 2. T.G.S. (Tom) and J.E.W. (Jan) are the natural parents of B.A.S. (Bob), born out of wedlock on June 5, 2003, in Vicksburg, where Tom and Jan were then living.[1] On January 31, 2004, Tom, Jan, and Bob moved to Atlanta, Georgia. Within weeks, because of continuing difficulties in their relationship, Jan and Tom parted ways, and Jan, who was essentially a lifelong resident of Warren County, returned to Vicksburg with Bob. However, Jan and Tom, without court intervention, quickly agreed to an alternating schedule of shared custody whereby each parent had separate custody of Bob every other month. When Tom took custody of Bob in August, 2004, he returned with Bob, not to Atlanta, but instead, to his home state of South Carolina. Likewise, instead of returning Bob to Jan’s custody pursuant to this informal agreement, Tom, in November, 2004, filed a petition for child custody and support and restraining order in the Family Court of the Fourth Judicial Circuit of Darlington County, South Carolina. The South Carolina family court promptly entered an ex parte temporary injunction, enjoining both Tom and Jan from removing Bob from the state of South Carolina, pending a temporary hearing on the issues of child custody and child support and other related issues.
¶ 3. Within days of the entry of this ex parte restraining order, Jan and her sister, without knowledge of the South Carolina court action, traveled to South Carolina to retrieve Bob pursuant to a pre-arranged agreement between Jan and Tom. Although the method of notice is disputed, it is undisputed that by the time Jan and her sister left South Carolina with Bob, Jan was aware of the South Carolina family court temporary restraining order prohibiting Bob from being removed from the state of South Carolina. After returning to Mississippi, Jan, on November 16, 2004, filed a petition for child custody in the County Court of Warren County. Upon learning that Jan had removed Bob from the state of South Carolina, in violation of its previously entered order, the South Carolina family court, by way of a second ex parte order entered on November 22, 2004, awarded Tom custody of Bob pending a hearing, and directed “all law enforcement officers” to assist Tom in retrieving Bob.
¶ 4. On November 29, 2004, Tom filed a petition for a writ of habeas corpus in the Chancery Court of Warren County requesting, inter alia, that full faith and credit be given to the previously entered South Carolina temporary injunction and custody order. On November 30, 2004, a hearing was conducted before Chancellor Vicki R. Barnes, and both Tom and Jan were personally present, and each was represented by Mississippi counsel. The chancellor received testimony from Tom and Jan as well as S.C. (Sally), Jan’s sister, *956 and B.W. (Betty), Jan’s mother. Exhibits were also received into evidence, including certified copies of the relevant South Carolina state court documents, and the petition for child custody which Jan had filed in the County Court of Warren County. After hearing closing arguments from the attorneys in this two-day hearing, the chancellor immediately thereafter rendered her bench ruling, which stated in pertinent part:
The Court notes that ... a copy of a Temporary Injunction, which was certified by South Carolina was filed as Exhibit B. That the Temporary Injunction was entered on November 12th, 2004, by the Family Court of the Fourth Judicial Circuit County of Darlington, South Carolina. That this was an ex parte order without notice to the Respondent, [J.E.WJ. That also as part of this file is a certified copy of an ex parte custody order entered on November the 22nd of 2004, by the same Court, granting ex parte custody to the Petitioner, [T.G.SJ. The Court also notes that a hearing has been scheduled in South Carolina for January 21st of 2005, at 9:45 a.m., where that is set to determine the custody matter and other issues.
The Court has also been advised as part of the testimony that the Respondent has a hearing scheduled for January 14th of 2005, on the Respondent’s Motion to Dismiss or the Alternate Relief Contesting the Jurisdiction of the South Carolina Court.
The Court has also been advised through testimony that the Respondent has filed a custody action in the Warren County Court.
This Court realizes that this dispute involves the issues of custody and proper service of process.
The Court finds that today the only issue before this Court is that of whether or not the South Carolina Order should be afforded full faith and credit, that this is not a custody hearing to be determined by this Court at this time. The Court finds that the issue regarding the service of process has to be brought before the Darlington County, South Carolina Family Court and that Court would have to make a determination. That both parties are represented by attorneys in South Carolina.
The Court finds after considering all of these facts and the evidence presented as well as the applicable law, that the Petition for Habeas Corpus should be granted and the Court has no choice but to return the minor child to the father until there is a hearing by the Family Court of Darlington, South Carolina. Therefore, the Court must, at this time, give full faith and credit to the Darling-ton, South Carolina Court Order.
¶ 5. After the bench ruling from the chancery court, but prior to entry of the written judgment consistent with the bench ruling, Jan, through counsel, filed a motion for a stay of execution of the chancery court judgment pending appeal at 2:38 p.m., on December 1, 2004, the same day as the bench ruling. It was not until 3:23 p.m., on December 1, 2004, that the chancery court judgment was entered. This judgment stated, inter alia, that the South Carolina temporary injunction and custody order would be afforded full faith and credit and that Tom would receive immediate custody of Bob. At 3:25 p.m., on December 1, 2004, Jan filed her notice of appeal with the trial court. On December 2, 2004, the chancellor entered an order denying Jan’s motion for stay of execution of the judgment and directing Jan to deliver Bob “immediately to the Petitioner, T.G. S., in accordance with the Judgment entered in this cause on December 1, 2004.” Likewise on December 2, 2004, *957 Jan, through counsel, filed with this Court an Emergency Petition for Extraordinary Relief or in the Alternative Emergency Petition for Stay Pending Appeal, and by a single-justice order entered on December 3, 2004, Tom and the Warren County Chancery Court were given the opportunity to respond to Jan’s emergency petition. See M.R.A.P. 21. After receiving a response from Chancellor Barnes and Jan’s reply to that response, a three-justice panel of this Court, by order dated December 31, 2004, and entered on January 5, 2005, denied Jan’s Emergency Petition for Extraordinary Relief or in the Alternative Emergency Petition for Stay Pending Appeal.
¶ 6. After the filing of the notice of appeal, but prior to this Court’s receipt of the trial court record in the chancery court proceedings, the County Court of Warren County conducted a two-day hearing on Jan’s petition for child custody, and on March 16, 2005, the county court granted “the permanent care, custody and control” of Bob to Tom, and all remaining issues, “including but not limited to, visitation and child support [were] deferred until a future hearing” to be scheduled by the County Court of Warren County. Thereafter, Jan appealed the county court’s order directly to this Court. On July 26, 2005, a three-justice panel of this Court granted Tom’s motion to dismiss Jan’s appeal of the county court order. The panel order of July 26, 2005, stated, inter alia, that Jan should have appealed the county court order to the Chancery Court of Warren County, and that this Court thus lacked jurisdiction to consider Jan’s appeal of the custody order entered by the County Court of Warren County. Accordingly, Jan’s appeal of the county court custody order was dismissed, without prejudice, and the mandate issued from this Court on August 16, 2005. Jan then filed a motion with the county court for an out-of-time appeal of the county court custody order to the chancery court. The county court denied the motion for an out-of-time appeal. Finally, Jan filed a motion with the county court requesting the court to reconsider the denial of an out-of-time appeal, or in the alternative to grant relief under Miss. R. Civ. P. 60(b). The record is silent as to the disposition of this motion to reconsider by the County Court of Warren County.
¶ 7. In today’s appeal, Jan asserts that the chancery court erred in granting full faith and credit to the South Carolina ex parte orders, and in denying the automatic stay of execution of the chancery court judgment pursuant to the provisions of M.R.A.P. 8. However, Jan filed her notice of appeal on December 1, 2004, before the automatic stay became an issue on the following day at the hearing on her motion to stay the execution of the judgment. Jan’s notice of appeal makes no mention of the automatic stay, as it had not yet arisen as an issue, and instead only makes reference to the order of December 1, 2004. Finding that Jan is entitled to no relief on appeal, we affirm the Warren County Chancery Court’s denial of Jan’s request for an automatic stay of execution of the chancery court judgment pending appeal, pursuant to M.R.A.P. 8(b)(5), and we dismiss as moot Jan’s appeal from the chancery court order affording full faith and credit to the South Carolina family court orders.
DISCUSSION
¶ 8. Jan raises two issues on appeal: (1) whether the Warren County chancellor erred in granting full faith and credit to the ex parte orders from South Carolina; and, (2) whether the chancellor erred in denying the automatic stay under M.R.A.P. 8. We will restate and reorder these issues for clarity in discussion.
*958 I. WHETHER THE CHANCERY COURT ERRED BY DENYING JAN AN AUTOMATIC STAY UNDER M.R.A.P. 8(b)(5)
¶ 9. Jan asks this Court to determine whether the trial court erroneously failed to grant an automatic 10-day stay of enforcement of the judgment pending appeal under Rule 8 of the Mississippi Rules of Appellate Procedure. Jan filed her notice of appeal in this case on December 1, 2004, and the chancery court denial of the automatic stay did not occur until the next day, December 2, 2004. Rule 3(c) requires that the notice of appeal “shall specify the party or parties taking the appeal and the party or parties against whom the appeal is taken, and shall designate as a whole or in part the judgment or order appealed from.” M.R.A.P. 3(c) (emphasis added). Jan is attempting to do the impossible— pursue on appeal an issue arising from events that had not yet taken place at the time she filed her notice of appeal. M.R.A.P. 3(c) also states that an appeal “shall not be dismissed for informality of form or title of the notice of appeal.” However, Jan fails to comply with the Rule 3 requirements no matter how flexible the text regarding form. The event leading to her appeal had not yet occurred at the time she filed her notice of appeal, and thus this issue is not properly before this Court. Notwithstanding this finding, we will address this issue on its merits.
¶ 10. Jan argues she was due an automatic ten-day stay under M.R.A.P. 8(b)(5), which states:
If a hearing is necessary for issues arising under subpart (b), the judgment shall be stayed during such hearing and for ten days following the trial court’s ruling. The ruling of the trial court on motions filed under this subpart (b) shall be reviewable by the Supreme Court or the Court of Appeals.
Therefore, in order for this rule to apply, a hearing must be “necessary for issues arising under subpart (b),” such as “Application for a stay of the judgment or the order of a trial court pending appeal or for approval or disapproval of a contested su-persedeas bond or for an order suspending, modifying, restoring, or granting an injunction during the pendency of an appeal.” M.R.A.P. 8(b)(1). Assuming, ar-guendo, that M.R.A.P. 8 is applicable in this case, Jan is entitled to no relief under this rule. Immediately after the trial court denied a stay of judgment, she petitioned this Court for relief. A three-justice panel of this Court ultimately denied Jan’s request for a stay pending appeal. From the record before us, we again find the trial court committed no error in denying Jan’s request for an automatic stay of execution of the chancery court order. This issue is without merit.
II. WHETHER THE FULL FAITH AND CREDIT ISSUE CONCERNING THE SOUTH CAROLINA EX PARTE ORDERS IS NOW MOOT
¶ 11. When presented with issues of law, we employ a de novo standard of review; and, when confronted with the issue of whether a sister state’s judgment should be given full faith and credit by our courts, we are indeed considering an issue of law. Tel-Com Management, Inc. v. Waveland Resort Inns, Inc., 782 So.2d 149, 151 (Miss.2001) (citing Ellis v. Anderson Tully Co., 727 So.2d 716, 718 (Miss.1998)).
¶ 12. The authority for a court to give full faith and credit to a foreign court’s judgment is found in Article IV of the United States Constitution. “Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records *959 and Proceedings shall be proved, and the Effect thereof.” U.S. Const, art. IV, § 1. This Court has made it clear that we will first look to the requirements of that clause when determining when a judicial proceeding from another state is due full faith and credit. “Our decision must comport with Article IV., § 1 of the United States Constitution requiring us to give full faith and credit to the judicial proceedings of a sister state.” Owens ex rel. Mosley v. Huffman, 481 So.2d 231, 238 (Miss.1985).
¶ 13. Jan makes various arguments, stating first that the enforcement of a foreign judgment is subject to various limitations, including proper jurisdiction of the rendering state court, due process provided to the defendant, and finality of the judgment on its merits. See Tennessee Properties, Inc. v. Southern Pilot Ins. Co., 766 So.2d 44 (Miss.App.2000). Jan argues in part that because Bob had not met the residency requirements, South Carolina did not have jurisdiction. Jan also argues that, in entering the order giving full faith and credit to the foreign ex parte orders, the Warren County Chancery Court erroneously failed to find (1) that the South Carolina trial court had no subject matter or personal jurisdiction; (2) that Jan was not afforded the opportunity to defend herself under her due process rights because of lack of proper service and the ex parte nature of the orders; and, (3) that the orders were not final judgments on the merits deserving of full faith and credit. Jan contends that because these requirements were not met, the ex parte orders were in no way deserving of full faith and credit in Mississippi; and, that, therefore, the chancery court erred in entering its judgment. Tom, on the other hand, argues that the issue is now moot because the County Court of Warren County has already awarded him custody in the separate action initiated by Jan’s filing of her petition for custody and child support.
¶ 14. This Court has stated: “[cjases in which an actual controversy existed at trial but the controversy has expired at the time of review, become moot. We have held that the review procedure should not be allowed for the purpose of settling abstract or academic questions, and that we have no power to issue advisory opinions.” Monaghan v. Blue Bell, Inc., 393 So.2d 466, 466-67 (Miss.1980) (internal citations omitted). In Monaghan, this Court was called on to decide the validity of a trial court’s order enjoining a party for one year from working for his former employer’s competitor. However, by the time the case was submitted to this Court on briefs and oral argument, the one-year period of injunction had expired, thus, the issue was moot. We will not adjudicate moot questions. Id.; City of Madison v. Bryan, 763 So.2d 162, 166 (Miss.2000).
¶ 15. This principle of mootness applies in child custody cases as well. In an earlier child custody appeal which this Court dismissed as moot, the trial court had initially entered an order giving custody of the child in a divorce proceeding to the father, but then later entered a decree modifying that order, awarding a two-month period of custody to the mother, who was to redeliver the child to the father at the end of that time. Campbell v. Lovgren, 171 Miss. 385, 157 So. 901 (1934). This Court was presented with the issue of whether the later decree modifying the first order should stand, but never directly addressed that issue because the two-month period had ended. “The period of time during which the custody of the child was changed by the decree appealed from having expired, the questions presented by the record have become purely academic, and therefore no actual controversy is pre *960 sented for the decision of this court, from which it follows that the appeal should be dismissed.” Id. at 901 (citations omitted). In Savell v. Savell, 206 Miss. 55, 56-57, 39 So.2d 532, 533 (1949), the trial court had directed that the children, who were in custody of their mother following a divorce, be placed in certain boarding schools during that scholastic year, and that the father pay five times per month the amount the mother was to pay. The children were to then be returned to the mother for six weeks, and then transferred to the custody of the father for six weeks. Id. The husband appealed, and this Court relied on Campbell to dismiss the appeal as moot, as the appeal took place after both the school year and the two six-week periods of custody had ended. Id.
¶ 16. Tom argues that he sought a writ of habeas corpus based on the applicable statute, Miss.Code Ann. § 11-43-1, which reads, “[t]he writ of habeas corpus shall extend to all cases of illegal confinement or detention by which any person is deprived of his liberty, or by which the rightful custody of any person is withheld from the person entitled thereto, except in cases expressly excepted.” Tom cites several Mississippi cases where habeas corpus proceedings have ultimately been rendered moot. See Bradley v. State, 355 So.2d 675 (Miss.1978); McGarrh v. State, 243 Miss. 234, 138 So.2d 284 (1962); Serton v. Sollie, 829 So.2d 730 (Miss.Ct.App.2002). Jan, on the other hand, asserts that the original orders from the South Carolina trial court were not due full faith and credit. See, e.g., Morrison v. Mississippi Dep’t of Human Services, 863 So.2d 948 (Miss.2004) (a judgment in a child support proceeding was found void because of lack of jurisdiction and due process violations when one party and his counsel were not present at the hearing as a result of flawed service of process). However, in considering the arguments of both Tom and Jan, we find that Jan’s argument cannot overcome the fact that both proceedings concerning the custody of Bob have come to an end, and neither proceeding resulted in Jan’s obtaining custody of Bob. Jan simply cannot legitimately argue that she was not afforded the opportunity to answer and defend herself in South Carolina when she did in fact do exactly that. She hired an attorney and, only one week after Tom filed his complaint in South Carolina, Jan filed both a motion to dismiss based on lack of jurisdiction and the notice of a hearing on the motion in the South Carolina trial court. Tom points out that the South Carolina trial court ultimately granted the motion in Jan’s favor the following month. The South Carolina custody orders were only temporary, pending a hearing. It appears now that the hearing has taken place, and the case has been dismissed because of lack of jurisdiction. More damaging to Jan’s case is the March 16, 2005, order by the County Court of Warren County, awarding Tom the permanent care, custody, and control of Bob in a proceeding Jan herself initiated. Therefore, a court which Jan admits did have proper jurisdiction has now also heard the matter and entered its final judgment awarding “the permanent care, custody and control” of Bob to Tom. Based on the actions of the South Carolina and Mississippi courts, we find that this controversy has now expired at the time of review, making this appeal moot. See Monaghan, 393 So.2d at 466. As noted, we have made it clear that we will not adjudicate moot questions. City of Madison, 763 So.2d at 166.
¶ 17. However, relying on Allred v. Webb, 641 So.2d 1218, 1220 (Miss.1994), Jan attempts to argue, just as the Allred appellant did, that this case should not be dismissed as moot because it is a matter of public interest and therefore an exception to the rule applies. Jan raises the “capa *961 ble of repetition but evading review” doctrine employed by the United States Supreme Court in Weinstein v. Bradford, 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975). This Court in Strong v. Bostick, 420 So.2d 1356, 1359 (Miss.1982), adopted the two-part Weinstein rule that the question of mootness is not applied to matters of public interest, determined by a two-part test, reiterated in Allred. “To utilize the ‘capable of repetition but evading review’ doctrine, these two elements must be combined: (1) The challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subject to the same action again.” Allred, 641 So.2d at 1220. In Strong, this Court found that the Weinstein factors were present and that the question was not moot. 420 So.2d at 1359. In today’s case, we cannot find that both prongs are met as there is no reasonable expectation that Jan will be subject to the same action again; thus, the exception does not apply.
¶ 18. Jan next cites the pre-Weinstein case of Sartin v. Barlow, 196 Miss. 159, 16 So.2d 372, 376 (1944), relied on by Strong, which applied the public interest exception because that case dealt with election proceedings, no doubt a matter of public interest. Another case relied on by Jan, Board of Trustees of Pascagoula Mun. Separate School Dist. v. Doe, 508 So.2d 1081, 1084 (Miss.1987), is also inapplicable here because the Court in that case dealt with a matter of public concern, Mississippi’s compliance with the Education for all Handicapped Children Act. Jan likewise cites Allred because in that case, the two elements were not both met but the Court nonetheless proceeded to publish an opinion concerning the district attorney, relying on Sartin. However, the Court in Allred distinguished that particular case by holding, “[t]his situation is clearly not a mere private dispute between two parties since future district attorneys inevitably will find themselves in the same quandary as Allred found himself in 1991.” Allred, 641 So.2d at 1220. The same is not true here, however. This case is a private dispute between two parties and does not involve matters of such public interest present in Allred, Doe, and Sartin such that we are compelled to do anything except dismiss the case as moot. To do otherwise would be to issue an advisory opinion impermissibly, or to attempt to settle abstract or academic questions. See Monaghan, 393 So.2d at 466-67.
¶ 19. This Court in Allred also reiterated the Monaghan rule that we are normally not to delve into what are essentially advisory opinions. 641 So.2d at 1220. The Monaghan warning against advisory opinions is not a new rule, but reaches as far back as 1934. “Though earnestly requested by counsel to depart from this rule and to say whether or not the decree of the court below should have been rendered, in order that the court may be guided thereby should another petition be filed for the modification of the decree rendered in the divorce proceeding, we do not feel at liberty to do so. Such an opinion would be merely advisory, and the rendering of opinions of that character are not within the province of this Court. Moreover, whether or not that decree should be modified will depend on facts and circumstances that may exist when a petition for that purpose is heard by the court.” Campbell, 157 So. at 901.
¶ 20. We thus find in today’s case that the facts and circumstances involving child custody are too case-specific and sensitive for the Court to lay down a blanket rule when the controversy before us has terminated. The question Jan presents to this Court is now moot. We therefore dismiss the appeal as to this issue.
*962 CONCLUSION
¶ 21. The chancery court did not err in refusing to grant Jan an automatic ten-day stay under M.R.A.P. 8(b)(5). As to the chancery court affording full faith and credit to the South Carolina orders, there is simply no remaining issue that is anything other than academic in this case. The South Carolina proceedings have been dismissed, and the County Court of Warren County has entered a final judgment awarding the custody of Bob to his natural father in a proceeding that the natural mother herself began. The natural mother’s question now presented to this Court on appeal is thus moot.
¶ 22. For these reasons, the judgment of the Chancery Court of Warren County is affirmed in part and dismissed as moot in part.
¶ 23. AFFIRMED IN PART AND DISMISSED IN PART.
SMITH, C.J., WALLER, P.J., DIAZ, EASLEY, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR. COBB, P.J., NOT PARTICIPATING.

. Since a minor child is involved, fictitious names are used for the parties to maintain confidentiality.