MYERS, P.J.,
 

 for the Court:
 

 ¶ 1. Byron Mallett and Margie Wilson are the natural parents of Byron Mallet Jr. (Byron), who was eight years old at the time of the controversy. On July 2, 2008, Mallett and Wilson entered into an agreed order modifying custody. Among other things, it provided that Mallett would have primary physical custody of Byron and that Wilson would have physical custody for eight weeks during the summer.
 

 ¶ 2. Shortly after the agreed custody order was entered, a dispute arose over which parent would have the child for the rest of the summer. The agreed custody order did not specifically address the summer of 2008; it stated only that Wilson would have custody of the child for eight weeks between the week after school ended in the spring and the week before school resumed in the fall. Mallett argued that Wilson’s eight weeks for 2008 would end on July 10, since Wilson had already had custody of Byron for most of that summer. Wilson took the position that her summer visitation under the new order began on the day the agreed order was entered.
 

 ¶ 3. On July 8, Wilson filed a motion to set aside the agreed custody order or, in the alternative, to grant relief from the order under Rule 60 of the Mississippi Rules of Civil Procedure. She also asked for an emergency hearing, which the chancellor apparently offered to grant; but Wilson declined the offer due to scheduling difficulties. Wilson then immediately filed an appeal from the agreed order. This Court ultimately dismissed that appeal for want of appellate jurisdiction, finding that Wilson’s pending motion to set the order aside had rendered the appeal interlocutory.
 
 Wilson v. Mallett,
 
 28 So.3d 669, 670 (¶ 3) (Miss.Ct.App.2009),
 
 cert. denied,
 
 27 So.3d 404 (Miss.2010).
 

 ¶ 4. On July 21, 2008, while the appeal on the agreed custody order was pending, Mallett filed a petition for a writ of habeas corpus. Mallett alleged that, under the agreed order, he was entitled to custody of Byron for the remainder of the summer and that Wilson had wrongfully refused to return the child to him. The chancellor granted the habeas corpus petition, the writ was issued, and the Sheriff of DeSoto County removed the child from Wilson’s possession.
 

 ¶ 5. On August 22, 2008, the chancellor held a hearing on Wilson’s motion to set aside the writ of habeas corpus. Among other things, the parties represented to the chancellor that, notwithstanding the dispute over custody for the summer, they
 
 *368
 
 were now cooperating under the agreed order, and the child had been transferred to and from Wilson’s custody for visitation without incident. The chancery court took the challenge to the issuance of the writ under advisement. On October 14, 2009, the chancellor entered an order finding that the writ had been properly issued. Wilson appeals from that judgment, contending that the writ of habeas corpus should not have been issued and suffered from various technical defects. We find that the controversy in this case has expired, and we dismiss this appeal as moot.
 

 DISCUSSION
 

 ¶ 6. “Cases in which an actual controversy existed at trial but the controversy has expired at the time of review, become moot. We have held that the review procedure should not be allowed for the purpose of settling abstract or academic questions, and that we have no power to issue advisory opinions.”
 
 J.E.W. v. T.G.S.,
 
 935 So.2d 954, 959 (¶ 14) (Miss.2006) (quoting
 
 Monaghan v. Blue Bell, Inc.,
 
 393 So.2d 466, 466-67 (Miss.1980)). “This principal of mootness applies in child custody cases as well”
 
 Id.
 
 at (¶ 15).
 

 ¶ 7. In
 
 Campbell v. Lovgren,
 
 171 Miss. 385, 157 So. 901 (1934), the chancellor awarded custody of a child to the mother, for two months, after which she was to return the child to the father. The father appealed, urging that this was error, but the supreme court found the issue moot because the two-month period had long since ended. The supreme court reasoned that “the period of time during which the custody of the child was changed by the decree appealed from having expired, the questions presented by the record have become purely academic, and therefore no actual controversy is presented for the decision of this court, from which it follows that the appeal should be dismissed.”
 
 Id.
 
 at 901 (citations omitted). This rationale has also been applied to appellate review of habeas corpus proceedings.
 
 See J.E.W.,
 
 935 So.2d at 960 (¶ 16);
 
 Mandel v. Perez,
 
 71 Ariz. 352, 227 P.2d 385, 385 (1951).
 

 ¶ 8. In the present case, it is undisputed that the writ was issued to enforce Mallett’s right to custody of the child between July 10, 2008, and approximately August 7, 2008. At a subsequent hearing, the parties represented to the chancellor that the passage of time had effectively settled this dispute and that they had resumed cooperating under the agreed custody order. Since her prior appeal was dismissed, it appears that Wilson has abandoned her challenge to the agreed order itself.
 

 ¶ 9. In this appeal, the only relief Wilson requests is that this Court set aside the habeas corpus proceeding. Since the writ has been fully executed and the underlying dispute abrogated by the passage of time, we find that Wilson’s challenge to the writ presents only academic questions. We therefore dismiss this appeal as moot.
 

 ¶ 10. THIS APPEAL IS DISMISSED AS MOOT. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.