GRIFFIS, P.J.,
for the Court:
¶ 1. Thomas Ray Walker argues the Mississippi Department of Corrections (MDOC) illegally removed his parole eligibility on a life sentence for armed robbery. Since the filing of this appeal, the MDOC has corrected Walker’s sentence to accurately reflect he is eligible for parole. Since no controversy exists, we dismiss this appeal as moot.
FACTS
¶ 2. On May 30, 1984, Walker was sentenced to life with the possibility of parole on an armed-robbery charge. Walker was paroled in 1994, but he was returned to prison after violating the terms of his parole. In 2007, Walker was paroled a second time. He subsequently committed residential burglary and received a five-year sentence, to run consecutively to his life sentence. Because Walker was a repeat offender, he was ineligible for parole on the five-year sentence.
¶ 3. After he was returned to prison, Walker received an inmate time sheet stating he would be eligible for parole on December 6, 2010. Walker then received a letter retracting the December 6, 2010 parole-eligibility date. The letter stated that Walker was no longer eligible for parole on his life sentence because the subsequent five-year sentence carried no possibility of parole.
¶ 4. On March 5, 2012, Walker filed a petition for habeas corpus in the Sunflower County Circuit Court. His petition asserted that the MDOC had illegally converted his parole-eligible life sentence into a non- *176 parole-eligible life sentence. The circuit court held a hearing. The MDOC attorney argued that Walker was not allowed parole on either sentence. According to Mississippi Code Annotated sections 47-7-3 (Rev.2011) and 99-19-21 (Rev.2007), Walker’s first sentence must be served in its entirety before the second, mandatory sentence begins. The circuit court agreed and dismissed Walker’s motion with prejudice.
¶5. Walker filed his notice of appeal. The MDOC has filed a motion to dismiss the appeal as moot. The MDOC argues that it has corrected Walker’s time sheet to reflect he was eligible for parole on his life sentence. As a result, the MDOC claims that this appeal is moot.
ANALYSIS
¶ 6. “[Clases in which an actual controversy existed at trial[,] but the controversy has expired at the time of review[,] become moot.” J.E.W. v. T.G.S., 935 So.2d 954, 959 (¶ 14) (Miss.2006) (quoting Monaghan v. Blue Bell, Inc., 393 So.2d 466, 466-67 (Miss.1980)). “A case is moot so long as a judgment on the merits, if rendered, would be of no practical benefit to the plaintiff or detriment to the defendant.” Fails v. Jefferson Davis Cnty. Pub. Sch. Bd., 95 So.3d 1223, 1225 (¶ 10) (Miss.2012) (quoting Gartrell v. Gartrell, 936 So.2d 915, 916 (¶ 8) (Miss.2006)).
¶ 7. When Walker filed his notice of appeal, an actual controversy existed. His inmate time sheet reflected he was ineligible for parole, and he contested this conclusion. The MDOC has advised this Court that Walker’s parole eligibility has since been reinstated.
¶ 8. Walker’s “Sentence Computation Record,” which is attached to the MDOC’s motion, notes: “Reworked file to give parole date on first sentence only* * SEE E-MAIL DATED 10/31/2012.” It shows a parole eligibility date of December 6, 2010.
¶ 9. Because the MDOC has agreed that Walker is eligible for parole and has provided proof of the date that he became parole eligible on his life sentence, there is no controversy for our review. No decision we could reach would be of practical benefit to Walker. See Fails, 95 So.3d at 1225 (¶ 10). Rather, any opinion on the merits would be merely advisory, and “we have no power to issue advisory opinions. ...” J.E.W., 935 So.2d at 959 (¶ 14) (citation omitted). Accordingly, this appeal is dismissed as moot.
¶ 10. THIS APPEAL IS DISMISSED AS MOOT. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.