GRIFFIS, P.J.,
for the Court:
¶ 1. Eddie Beals appeals the circuit court’s decision that upheld the denial of his parole eligibility. Beals argues that the Mississippi Department of Corrections (MDOC) illegally determined that he would be ineligible for parole on his life sentence. Since the filing of this appeal, the MDOC has changed Beals’s classification status to reflect parole eligibility. Because no controversy exists, we dismiss this appeal as moot.
*777 ¶ 2. Around April 1979, Beals was found guilty of rape in Hancock County, Mississippi. The circuit court sentenced Beals to serve a life sentence in the custody of the MDOC. Beals was released on parole in May 2002.
¶ 3. Around July of 2007, Beals violated the conditions of his parole for failure to pay fees and report. The MDOC revoked his parole in August 2009, and he returned to prison. In April 2009, Beals was again released on parole.
¶4. On March 10, 2010, Beals once again violated the conditions of his parole. He was also charged with failure to register as a sex offender. On November 1, 2010, Beals pled guilty to failure to register as a sex offender, and he was sentenced to serve one year in the custody of the MDOC, with four years of post-release supervision, to run consecutively to his 1979 sentence on his rape conviction.
¶ 5. On June 7, 2011, Beals appeared before the parole board. The MDOC informed Beals that he would no longer be eligible for parole on his life sentence for the rape conviction following his latest conviction. Thereafter, Beals filed a petition with the MDOC Administrative Remedies Program (ARP) and requested that he be eligible for parole. The ARP informed Beals that he would be ineligible for parole and cited Beals’s guilty plea to the violent crime of failure to register as a sex offender as the reason.
¶ 6. On April 9, 2013, Beals filed a petition for post-conviction collateral relief (PCCR). The circuit court treated Beals’s PCCR motion as a motion for an order to show cause. On April 12, 2013, the circuit court upheld the decision of the ARP denying Beals’s parole eligibility. It is from this order that Beals has appealed.
¶ 7. Beals argues that he is unlawfully detained, because he was denied a parole-eligibility date for his original life sentence. The MDOC agreed with Beals and changed his classification status to make him eligible for parole. “[C]ases in which an actual controversy existed at trial[,] but the controversy has expired at the time of review, become moot.” J.E.W. v. T.G.S., 935 So.2d 954, 959 (¶ 14) (Miss.2006) (quoting Monaghan v. Blue Bell, Inc., 393 So.2d 466, 466-67 (Miss.1980)). “A case is moot so long as a judgment on the merits, if rendered, would be of no practical benefit to the plaintiff or detriment to the defendant.” Fails v. Jefferson Davis Cnty. Pub. Sch. Bd., 95 So.3d 1223, 1225 (¶ 10) (Miss.2012) (quoting Gartrell v. Gartrell, 936 So.2d 915, 916 (¶ 8) (Miss.2006)).
¶ 8. Now that the MDOC has changed Beals’s classification status to reflect a parole-eligibility date, there is no controversy for our review. No decision we could reach would be of practical benefit to Beals. See id. Rather, any opinion on the merits would be merely advisory, and “we have no power to issue advisory opinions.” J.E.W., 935 So.2d at 959 (¶ 14) (citation omitted). Accordingly, this appeal is dismissed as moot.
¶ 9. THIS APPEAL IS DISMISSED AS MOOT. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GREENE COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY.