# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00683-COA

**ROGER LEON GUYSE, III A/K/A ROGER GUYSE**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/01/2017 |
| TRIAL JUDGE: | HON. CHRISTOPHER A. COLLINS |
| COURT FROM WHICH APPEALED: | NEWTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROGER LEON GUYSE III (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: DARRELL CLAYTON BAUGHN |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 11/05/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., GREENLEE AND LAWRENCE, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1.    Roger Guyse filed a motion for judicial review while he was intermittently housed in the Newton County Jail. Guyse's complaints were numerous and included the denials of access to particular newspapers, outside activity, and access to a law library. Because Guyse is no longer housed in the Newton County Jail, we find that his argument on appeal is moot and affirm the decision of the trial court.[1]

---

[1] On the same day Guyse filed his appellant's brief, he filed a pro se "Motion to Appeal Dismissal of Complaint." On January 16, 2019, the Mississippi Supreme Court passed certain arguments in the motion for consideration with the merits of the appeal. These arguments are Guyse's requests for reversal of the circuit court's August 29, 2017 order, a remand of the case, and the assignment of a new judge on remand. As we find this

**FACTS**

¶2. On March 24, 2016, Guyse was transferred to the Newton County Jail to await new criminal charges of kidnaping. On May 20, 2016, Guyse filed six Administrative Remedy Program (ARP) requests. Guyse was removed from the Newton County Jail on June 15, 2016, which made his complaints based on his housing status moot. After he was convicted of kidnaping for a second time and sentenced to serve an additional thirty years in the custody of MDOC, he was brought back to the Newton County Jail. In response to his ARP request, MDOC stated that Guyse "was awarded ALL privileges that [were] accessible to all other inmates, while being housed at Newton County Jail." Guyse permanently left the Newton County Jail on December 12, 2016.

¶3. Guyse filed a motion for judicial review in the circuit court and claimed he was constitutionally guaranteed the following amenities while incarcerated in the Newton County Jail:

(1) Access to "media" and TV news;

(2) Access to newspapers;

(3) Access to the law library located in the Newton County Courthouse;

(4) Access to a notary public;

(5) Private and non-recorded phone calls; and

---

appeal is moot, Guyse's arguments raised in his motion are also moot. Thus, the portion of the motion that was passed for consideration with the merits of this appeal is dismissed as moot.

(6)     Adequate daily outdoor exposure

Guyse claimed that each of these were rights guaranteed to him by the United States Constitution. MDOC filed a motion to dismiss and claimed that it was not properly served with process and that the allegations amounted to a frivolous lawsuit. The circuit court agreed and found that Guyse failed to properly serve the Office of the Attorney General and MDOC.[2] As a result, the circuit court dismissed Guyse's motion on August 29, 2017.

## STANDARD OF REVIEW

¶4.    This Court "will not disturb a decision of an administrative agency, like the Department [of Corrections], unless the decision is unsupported by substantial evidence, is arbitrary or capricious, is beyond the agency's scope, or is a violation of the party's constitutional rights." *Thomas v. Miss. Dep't of Corr.*, 248 So. 3d 786, 789 (¶8) (Miss. 2018). We apply a de novo review to any questions of law. *Brown v. State*, 71 So. 3d 1267, 1268 (¶4) (Miss. Ct. App. 2011).

## ANALYSIS

¶5.    This Court does not consider moot questions. *Bradley v. State*, 355 So. 2d 675, 676 (Miss. 1978). A case that does not have an "actual controversy" that existed at the time of trial and the time of review is moot. *Monaghan v. Blue Bell Inc.*, 393 So. 2d 466, 466 (Miss. 1980). Furthermore, this Court will also not issue advisory opinions. *Id.* at 467 (citing

---

[2] Because Guyse's argument on appeal is moot, we decline to address the issue of service of process in this appeal.

3

*McLendon v. Laird*, 211 Miss. 662, 673, 52 So. 2d 497, 501 (1951); *Van Norman v. Barney*, 199 Miss. 581, 583 24 So. 2d 866, 867 (1946)). So long as the judgment on the merits would be of no practical benefit to the plaintiff or detriment to the defendant, the case is moot. *Beals v. State*, 139 So. 3d 776, 777 (¶7) (Miss. Ct. App. 2014). Guyse was permanently moved from the Newton County Jail in 2016. He filed his motion for judicial review in 2017. Because a year had elapsed since he resided in the Newton County Jail, there was no longer an "actual controversy," and Guyse's claims are now moot. As a result, we affirm the judgment of the circuit court.[3]

¶6.     **AFFIRMED.**

    **BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, McCARTY AND C. WILSON, JJ., CONCUR.**

---

[3] The circuit court properly dismissed Guyse's motion without reaching the merits. We may affirm the dismissal on the alternative ground that the case was moot. *Brocato v. Miss. Publishers Corp.*, 503 So. 2d 241, 244 (Miss. 1987).