ROBERTS, J.,
 

 for the Court:
 

 ¶ 1. On July 20, 2010, Craig Steve Bentr-up filed a “motion for writ of habeas corpus” in the Harrison County Circuit Court. The circuit court entered an order on November 3, 2010, denying Bentrup’s “motion for writ of habeas corpus”. Feeling aggrieved, Bentrup, acting pro se, appeals this denial.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On June 24, 2010, Bentrup was arrested in Biloxi, Mississippi and charged
 
 *851
 
 with burglary, possession of a weapon by a convicted felon, and felony fleeing. Bentr-up was held in the Harrison County Jail with bond set at $50,000 on each charge. Bentrup was also held on a “no bond de-tainer” because he had absconded from Missouri on a twenty year sentence with sixteen years mandatory as a result of a prior, felony conviction.
 

 ¶ 3. Less than one month later, and before he was indicted, Bentrup filed a “motion for writ of habeas corpus” on July 20, 2010, asserting that his imprisonment was in violation of a multitude of his constitutional rights. He argued that his imprisonment was “in direct violation of the ‘excessive bail clause’ of the Eighth Amendment to the United States Constitution.” He further argued that his Fourteenth Amendment and Sixth Amendment rights to assistance of counsel were violated since an attorney had not yet been appointed to him. He next asserted that his imprisonment was “tantamount to involuntary servitude in direction violation of the Thirteenth Amendment to the United States Constitution.” Next, he submitted that he was subject to cruel and unusual punishment prohibited by the Eighth Amendment. He requested the circuit court grant his “motion for writ of habeas corpus” and “summarily dismiss[,] with prejudice[,] the present charges pending in Harrison County[,]” or appoint him an attorney and/or reduce his bond.
 

 ¶4. On September 10, 2010, Bentrup filed a “writ of mandamus or notice of appeal” in the circuit court. In this document, Bentrup asserted that the circuit court was bound to follow Uniform Rule of Circuit and County Court 2.07 when dealing with his “motion for writ of habeas corpus” such as appointing him an attorney. He also alleged that in his “motion for writ of habeas corpus”, he raised the issues of illegal confinement and life-threatening prison conditions.
 
 [1]
 

 ¶ 5. Bentrup was indicted on October 25, 2010, as a habitual offender, for burglary of an inhabited dwelling, possession of a firearm by a convicted felon, and felony fleeing. On the same day, Bentrup filed a motion seeking to amend his July 20, 2010, “motion for writ of habeas corpus”. In this motion, he argued that he was denied access to the courts because he “attempted to assist in a class action writ of habeas corpus filed by four (4) foreign nations held illegally.” He also raised the issue of his treatment while in prison in Harrison County and the prison conditions calling them “life threatening.”
 

 ¶ 6. In an order filed on November 3, 2010, the circuit court judge denied Bentr-up’s “motion for writ of habeas corpus”. The circuit court judge stated that Bentr-up had not been indicted at the time of the original “motion for writ of habeas corpus” and noted that pursuant to Mississippi Code Annotated section 11-43-1, “[t]he principal function of a writ of habeas corpus is to test the legality of detention prior to conviction. He further noted that “[Tissues such as defendant’s right to a speedy trial, evidentiary issues, and issues of guilt or innocence are to be determined by the trial court and not by writ of habeas corpus.” Further, the Mississippi Department of Corrections’ web site indicates that Bentrup is currently an inmate at the Central Mississippi Correctional Facility serving a ten-year sentence for residential burglary.
 
 See
 
 http://www.mdoc.state.ms. us/InmateDetails.asp?PassedId=172019 (last viewed February 14, 2012).
 

 
 *852
 
 ¶ 7. On appeal, Bentrup raises the following five issues:
 

 I. Whether the circuit court erred by not appointing Bentrup an attorney
 

 II. Whether the circuit court erred in not granting an omnibus hearing
 

 III. Whether the circuit court erred in its assessment of the purpose for writ of habeas corpus
 

 IV. Whether the circuit court erred in denying an evidentiary hearing
 

 V., Whether the circuit court erred in not granting leave to amend “motion for writ of habeas corpus”
 

 ANALYSIS
 

 ¶ 8. It is well-established law in Mississippi that “[c]ases in which an actual controversy existed at trial but the controversy has expired at the time of review become moot.”
 
 Wilson v. Mallett,
 
 50 So.3d 366, 368 (¶ 6) (Miss.Ct.App.2006) (quoting
 
 J.E.W. v. T.G.S.,
 
 935 So.2d 954, 959 (¶ 14) (Miss.2006)). This Court has “no power to issue advisory opinions.”
 
 Id.
 

 ¶ 9. On appeal, we are reviewing the circuit court’s November 3, 2010, denial of Bentrup’s “motion for writ of habeas corpus[.]” With this in mind, we find that the issues raised on appeal and in Bentrup’s “motion for writ of habeas corpus” are now moot. Bentrup was indicted prior to his habeas corpus hearing, has been convicted, and is now an inmate in the custody of the MDOC; therefore, there is no longer any controversy regarding the issues he raised in his “motion for writ of habeas corpus.”
 

 ¶ 10. THIS APPEAL IS DISMISSED AS MOOT. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, RUSSELL AND FAIR, JJ., CONCUR. BARNES AND MAXWELL, JJ., CONCUR IN RESULT ONLY.
 

 [1]
 

 . According to the appellee's brief, on January 19, 2011, the Mississippi Supreme Court dismissed Bentrup’s motion for writ of mandamus as moot because he had been indicted.