# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00405-COA

**DEREK MAY**                                                          **APPELLANT**

**v.**

**KIRA ARTHURS**                                                       **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/03/2014 |
| TRIAL JUDGE: | HON. CARTER O. BISE |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | PATRICK TAYLOR GUILD |
| | DEAN HOLLEMAN |
| ATTORNEY FOR APPELLEE: | MARK VINCENT WATTS |
| NATURE OF THE CASE: | CIVIL - CUSTODY |
| TRIAL COURT DISPOSITION | AWARDED JOINT LEGAL CUSTODY AND SOLE PHYSICAL CUSTODY TO THE MOTHER, ORDERED THE FATHER TO PAY CHILD SUPPORT, AND GRANTED THE FATHER VISITATION |
| DISPOSITION: | AFFIRMED IN PART AND VACATED AND REMANDED IN PART - 06/28/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., CARLTON AND FAIR, JJ.**

**LEE, C.J., FOR THE COURT:**

### FACTS AND PROCEDURAL HISTORY

¶1.     Mason Beau Arthurs-May was born out of wedlock on January 29, 2014, to Derek May and Kira Arthurs.

¶2.     On April 8, 2014, Derek filed a complaint for an adjudication of paternity and other relief in the Chancery Court of Hancock County, Mississippi.  Part of the other relief that Derek requested was reasonable visitation rights.

¶3.     On June 12, 2014, the chancery court entered an agreed temporary visitation order, granting Derek limited unsupervised visitation.

¶4.     Following stipulations entered into prior to trial, the chancery court was left to determine when regular weekend visitation would begin for Derek as well as summer visitation.[1]

¶5.     On October 14, 2014, the chancery court entered its judgment.[2]  Regarding weekend visitation, the chancery court found that Mason was "still using breast milk and [Kira had] the right to continue breast-feeding."  At the time of trial, Derek was exercising weekend visitation every other weekend from Saturday at 10 a.m. to Sunday at 4 p.m.  The chancery court ordered this to continue until Mason reached eighteen months of age or was totally weaned from breast milk, whichever occurred first.  Then Derek would have visitation every other weekend from Friday at 6 p.m. to Sunday at 6 p.m.

¶6.     Regarding summer visitation, the chancery court ordered Derek would have Mason beginning June 1, 2015, for a three-week period.  Derek would also have Mason beginning July 1, 2015, for a three-week period.[3]

¶7.     On October 16, 2014, Derek filed a motion, asking the chancery court to reconsider its ruling.  Derek sought to begin regular weekend visitation immediately as opposed to the

---

[1] The chancery court was also left to determine (1) the name for the minor child; (2) tax exemption for the minor child; (3) holiday visitation for Derek; and (4) child-support and medical-insurance-premium arrearage.

[2] The judgment was nunc pro tunc to October 3, 2014.

[3] Kira would have weekend visitation during the second weekends of the three-week periods.

2

delayed start due to Mason's age and breast-feeding. Derek pointed out that the judgment allowed three-week periods of visitation during the summer, prior to Mason turning eighteen months. Therefore, Derek asserted there was no reason to restrict weekend visitation.

¶8. On February 18, 2015, the chancery court denied Derek's request for immediate regular weekend visitation. The chancery court also modified the judgment to provide that "summer visitation shall begin *only if* the minor child has been weaned from breast milk[,] and if not weaned by summertime, the visitation schedule shall continue as is." (Emphasis added). Furthermore, "if [Mason] is not weaned off breast milk by the summertime, . . . once [Mason] does become weaned, . . . [Derek] shall immediately receive three . . . weeks of visitation . . . to make-up for the missing summertime visitation[.]"

¶9. Derek appeals, asserting the chancery court erred in restricting his visitation. Derek also asks this Court to answer the following questions:

(1) Should the choice to breast-feed interfere with the standard visitation of fathers?

(2) If so, how long should standard visitation be restricted?

**STANDARD OF REVIEW**

¶10. In custody cases, this Court "will not disturb a chancellor's judgment when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong or clearly erroneous, or applied an erroneous legal standard." *Jaggers v. Magruder*, 129 So. 3d 965, 968 (¶17) (Miss. Ct. App. 2014) (quoting *Rolison v. Rolison*, 105 So. 3d 1136, 1137 (¶4) (Miss. Ct. App. 2012)). "Questions of law, however, are reviewed de novo." *Id.* (citing *Price v. Price*, 22 So. 3d 331, 332 (¶8) (Miss. Ct. App. 2009)).

## DISCUSSION

### I. Mootness

¶11. Kira claims the issue raised on appeal—whether the chancery court erred in restricting visitation—is moot. Mason is now two years old; therefore, Derek is entitled to regular weekend visitation according to the judgment. This Court has stated:

> Cases in which an actual controversy existed at trial but the controversy has expired at the time of review, become moot. We have held that the review procedure should not be allowed for the purpose of settling abstract or academic questions, and that we have no power to issue advisory opinions.

*Wilson v. Mallett*, 50 So. 3d 366, 368 (¶6) (Miss. Ct. App. 2010) (quoting *J.E.W. v. T.G.S.*, 935 So. 2d 954, 959 (¶14) (Miss. 2006)).

¶12. Although Derek's weekend visitation is no longer restricted, Derek claims his summer visitation is still restricted. According to the judgment, summer visitation was restricted until Mason was weaned from breast milk. Derek claims that Kira has continued to breast-feed Mason. Nothing in the record indicates that Mason is no longer breast-fed; therefore, we will address whether the chancery court erred in restricting Derek's summer visitation.

### II. Visitation

¶13. "Child visitation, and its limitations, are awarded at the chancellor's broad discretion." *Cassell v. Cassell*, 970 So. 2d 267, 271 (¶17) (Miss. Ct. App. 2007) (citing *Harrington v. Harrington*, 648 So. 2d 543, 545 (Miss. 1994)). "The chancellor must keep the best interest of the child as a paramount concern, while being attentive to the non-custodial parent's rights." *Id.* (citing *Faris v. Jernigan*, 939 So. 2d 835, 839-40 (¶8) (Miss. Ct. App. 2006)). "The court should be concerned with the need for the non-custodial parent and child to

4

maintain a healthy and loving relationship." *Id.* at 271-72 (¶17).

¶14.    "When restrictions are placed on visitation, there must be evidence that the particular restriction is necessary to avoid harm to the child." *Id.* (citing *Cox v. Moulds*, 490 So. 2d 866, 867-68 (Miss. 1986)). "A lack of this evidence will render the chancellor's restrictions on the non-custodial parent's visitation manifest error and an abuse of discretion." *Id.* (citing *Fulk v. Fulk*, 827 So. 2d 736, 742 (¶21) (Miss. Ct. App. 2002)).

¶15.    The record before this Court fails to demonstrate that the restriction on summer visitation was reasonable or necessary to prevent harm to Mason. Rather, Kira offered every-other-week visitation in the summer until Mason was older. Kira testified that while Mason was an infant, she "would like it to be a little more consistent." It was the chancellor whose "only concern [was] the breast-feeding."[4] Therefore, we vacate the chancellor's summer-visitation award and remand the case for the chancellor to revisit the issue of summer visitation consistent with this opinion. However, we affirm the chancellor's weekend-visitation award.

¶16.    **THE JUDGMENT OF THE HANCOCK COUNTY CHANCERY COURT IS AFFIRMED IN PART AND VACATED AND REMANDED IN PART TO THE CHANCERY COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED ONE-HALF TO THE APPELLANT AND ONE-HALF TO THE APPELLEE.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR**.

---

[4] Kira provided breast milk whenever Derek had visitation, and the breast milk was being supplemented with solid foods as well as apple juice and water.